Edward Morris **GRAHAM**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–090–CR.

Court of Appeals of Texas,
Fort Worth.

April 7, 1982.

Jerry J. Loftin, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Tom Myers, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Edward Morris Graham has appealed his conviction for the murder of Jerry Allen Hopson for which the jury assessed his punishment at 15 years confinement in the Texas Department of Corrections.

We affirm.

The evidence adduced in the trial showed that two men confronted each other on a parking lot after their vehicles collided. The collision was caused either by the front vehicle rolling back into the back vehicle or vice-versa. Appellant drove the front vehicle; deceased drove the back vehicle. The deceased, who was accompanied by a friend named Giddens, got into an argument with appellant over payment of damages. The argument progressed to name calling between the appellant and deceased and then, according to Giddens, appellant said: "Just wait here, I got something that'll fix you," after which appellant went to his pick-up, got a .25 caliber pistol, returned to deceased's automobile and shot him in the head while he was "screeching his tires" backing away.

Several people witnessed the events, including a truck with four young men in it. They followed appellant's vehicle when he fled the scene, got his license number and pulled even with him to identify him. Jackie Cobb, one of the young men in the pursuing vehicle, said the appellant told them "I shot that son of a bitch," and, in response to Cobb's "What?", went on to say "They were fucking with me and I shot him." Then Cobb said that appellant got in his truck and drove away. Appellant was apprehended by police several miles away.

Appellant urges four grounds of error, the first of which states that trial court erred in not allowing defense counsel to prove a prior inconsistent statement of the State's witness, Giddens. At the trial Mr. Giddens was telling of seeing appellant ap-

proach with a pistol, cocking it on the way. Giddens said he told the deceased to run. His further testimony was:

"I started backing up and I started running and I looked behind my shoulder to see if he was pointing the gun at me, and I got about 30 feet and I turned around all the way around to see if he was pointing the gun at me and that's when Jerry stuck, tried to get, he had a little bit of trouble getting the gear, shifter in gear in reverse and he started backing, backed up and the tires screeched, you know, and he got about three feet and the Defendant shot him in the head." ·

Appellant offered all of the deposition of Giddens into the record. He made specific tender of page 31, starting at line 18:

Q: "How did you run away from that car door?"

A: "Backing up with my . . . face to it, . . . to the car door. I backed up, and then I started running backwards."

Q: "And . . . were . . . you running forwards, at times, and back and looking over your shoulder? . . ."

A: "I turned around for just a second, and was looking back over my shoulder, looking back over my shoulder, and running as fast as I could."

. . . .

Q: "Mr. Giddens, just a couple more. Okay, after I asked you the questions that I asked you, did we take a break?"

A: "Yes, sir."

Q: "Okay, and did you go and visit with Mr. Mackey—"

A: "Yes."

Q: "[D]uring that time?"

A: "Yes, sir."

Q: "And what did you discuss?"

A: "Well, we discussed how I was running away from the car."

Q: "Okay. Mr. Mackey discussed with you [that] it might be difficult for you to see what was happening if you were running forward?"

A: "Yes, sir."

After this, appellant offered page 19 of Gidden's deposition citing the following testimony therein:

Q: "Okay. You ran about 30 feet—"

A: "Yes, sir."

Q: "[B]efore you looked back?" (S.F., p. 363)

A: "Yes, sir." (S.F., p. 364)

This last testimony was Gidden's testimony before the "break" referred to in the previous paragraph.

Appellant's counsel covered the same ground in his cross-examination of Gidden as was in the proffered deposition with substantially the same questions and answers thereto. Trial court allowed appellant wide latitude in his questions of Giddens. We find no error and overrule ground of error number one.

■ Appellant, in Ground of Error Number Two, has a complaint about the trial court not allowing him to prove other prior inconsistent statements of Gidden. Since he did not attempt to prove up a bill of exception to show what the witness would have said in response to the refused question leaves nothing preserved for review. *Baldwin v. State*, 538 S.W.2d 109 (Tex.Cr. App.1976); V.A.C.C.P. art. 40.09, sec. 6(d)(1). Ground of Error Number Two is overruled.

In describing his Ground of Error Number Three, appellant achieved great metaphoric heights when · he said "The jury should have been allowed to know that the State had a hammer weighing six-months and $1,000 hanging over the head of the only eyewitness the State had."

In other words, appellant avers that the trial court erred in failing to allow him to introduce evidence that a criminal case against Clarence Giddens had been dismissed prior to his testimony against the appellant. What the trial court did was to overrule appellant's offer of proof of certified copies of the docket sheet (Defendant's Exhibit # 4) and State's Motion to Dismiss

(Defendant's Exhibit # 5) in Cause Number 131,558 in *The State of Texas v. Clarence Joseph Giddens.* Appellant says this is reversible error.

 Defendant's Exhibits 4 and 5 were offered for the purpose of "showing the credibility" of the witness Giddens. Although these exhibits were not admitted, appellant's lawyer was permitted, in cross-examination, to bring to the jury the fact that "a criminal action of misdemeanor offense" was dismissed upon recommendation of the District Attorney. Even if there was error, appellant was not harmed since Gidden's admissions from the witness stand to the salient facts in such exhibits were as much impeachment as the exhibits themselves. We overrule Ground of Error Number Three.

In his Ground of Error Number Four appellant says that the trial court erred in not letting him present evidence of deceased's criminal background. Specifically, the complaint is to trial court's not admitting defendant's Exhibit # 14 which was offered as the file of the Clerk of County Criminal Court Number One. It was alleged to be the file of such court in Cause Number 7508–54577, *The State of Texas v. Jerry Allen Hopson.* The clerk testified out of the jury's presence to the foregoing and that such file reflected that a Jerry Allen Hopson pleaded guilty to "reckless conduct" and received a six month's probated sentence which he successfully served.

The State objected to the admission of the records offered because there was no testimony showing the Jerry Allen Hopson to be one and the same as the deceased in this case and that it was not a crime of violence. Also the State objected that, even if admissible, the whole file would not properly be admitted but only the judgment and sentence. There is no bill of exception in the record before us nor is there a request to include Exhibit # 14 in the record on appeal. The objection for failure to include in the record is in the file. The error, if any, was not preserved since appellant failed to make Exhibit # 14 a part of the appellate record. *Baldwin v. State, supra.*

Even so, Phillip Welch, a witness for the appellant testified at length to the fight between him and Jerry Hopson which resulted in the "reckless conduct" conviction in question. Contrary to his complaint in Ground of Error Number Four, appellant was, indeed, allowed to present evidence of deceased's criminal background with this testimony of specific acts of violence of deceased. *Beecham v. State,* 580 S.W.2d 588 (Tex.Cr.App.1979). If error there was we hold it harmless.

We affirm.