**Sonny Nelson BIVINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–077 CR.**

Court of Appeals of Texas, Beaumont.

March 12, 1986.

Rehearing Denied March 27, 1986.

Robert C. Kuehm, Houston, for appellant.

Michael R. Little, Liberty, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted of the felony offense of permitting and facilitating an escape of an inmate at the Liberty County jail, and the jury assessed his punishment at confinement for a period of two years. Appellant has not challenged the sufficiency of the evidence.

Appellant's first ground of error complains of error "in denying defendant's motion to quash language in the indictment alleging he 'intentionally, knowingly, and recklessly permitted and facilitated an escape' because no paragraph ... may charge more than one offense as set out in Art. 21.24 V.A.C.C.P."

Appellant was indicted for the offense as set forth in *TEX. PENAL CODE ANN. § 38.08* (Vernon 1974) which provides:

§ 38.08. Permitting or Facilitating Escape

(a) An official or employee of an institution that is responsible for maintaining persons in custody commits an offense if he intentionally, knowingly, or recklessly permits or facilitates the escape of a person in custody.

The indictment returned against appellant alleges as follows:

... [appellant] [A]s an employee, to-wit: a jailer of a penal institution, to-wit: the Liberty County Jail, that was responsible for maintaining persons in custody, intentionally, knowingly and recklessly permit and facilitate the escape of Ward Hamilton by allowing the said Ward Hamilton out of his cell, access to jail keys and use of the said [appellant's] personal automobile....

■ Appellant contends the words "intentionally, knowingly and recklessly", as alleged in the indictment, constitutes three distinct offenses and cannot be charged in a single count. We do not agree.

The words "intentionally, knowingly and recklessly" are allegations of a culpable mental state, and as such, may be alleged conjunctively in the indictment and submitted to the jury in the court's charge disjunctively. *Cowan v. State,* 562 S.W.2d 236 (Tex.Crim.App.1978); *Mott v. State,* 543 S.W.2d 623 (Tex.Crim.App.1976); *Daniels v. State,* 652 S.W.2d 614 (Tex.App.—Dallas 1983, no pet.). This ground is overruled.

■ Appellant's second ground of error complains of error in overruling his objection to the indictment for failure to allege with sufficient certainty specific acts relied upon to constitute recklessness. Appellant states in his brief that the objection could be found on a certain page of a certain volume of the record. We find no such objection at such place or any other place in the record. The proper place for such an "objection" should be made in the motion

to quash. The motion to quash the indictment filed by appellant does not contain the grounds now complained of in this ground of error. This ground is overruled.

By his third ground of error appellant complains of error in "overruling appellant's objection ... to allowing a state's witness to refer in his testimony to a brother of appellant's ... by name...." The name of the witness is not given in appellant's brief but a reference is made to a certain page of a certain volume of the statement of facts. We find no mention of the name of appellant's brother made by the witness. This complaint is not supported by the record. This ground is overruled.

■ Appellant next complains of error in "overruling appellant's objection to the state's motion in limine...." Reliance upon a motion in limine will not preserve error. A defendant must object on the proper grounds when the evidence is offered at trial. *Basham v. State,* 608 S.W.2d 677 (Tex.Crim.App.1980); *Romo v. State,* 577 S.W.2d 251 (Tex.Crim.App.1979); *Harrington v. State,* 547 S.W.2d 616 (Tex. Crim.App.1977). This ground is overruled.

Appellant's fifth ground of error complains of error in "overruling appellant's objection to allowing the alleged facts required by the charge of recklessness as contained conjunctively in the indictment be pled disjunctively in the jury charge...."

Appellant's argument under this ground complains that the conjunctive allegations in the indictment of the particular acts with regard to recklessness and the same acts being given in the court's charge in the disjunctive results in the charge being at variance with the allegations of the indictment. This argument complains of the particular acts constituting recklessness. However, appellant's objection to the charge complains of the allegations of culpable states of "intentionally, knowingly and recklessly" in the indictment conjunctively and the charge containing such culpable states in the disjunctive.

■ The present complaint does not comport with the objection to the charge made in the trial court. It is well settled that the ground of error presented on appeal must comport with the objection raised at trial, otherwise nothing is presented for review. *Crocker v. State,* 573 S.W.2d 190 (Tex.Crim.App.1978); *Watkins v. State,* 572 S.W.2d 339 (Tex.Crim.App.1978). Moreover, the objection to the charge actually lodged by appellant in the trial court is without merit and is overruled for the reasons stated and authorities cited in our discussion of appellant's first ground of error. This ground is overruled.

■ Appellant's sixth ground of error complains of error in "overruling defense objection of testimony of a state witness as to what was 'going on' preceding the alleged offense...."

The question and answer thereto about which complaint is made appears in the record as follows:

"Q. Let me ask you, Jerry, did you wonder what was going on by this time?

A. Well, ___."

The question was not answered by the witness. We perceive no error. Subsequently, when the question "what did you figure was going on" was asked, appellant made no objection. Error, if any, was waived. This ground is overruled.

■ Appellant's seventh ground of error complains of error in "denying defendant the opportunity to present evidence to the jury regarding prior escapes from the Liberty County Jail and evidence relating to inadequate staffing at jail."

Appellant did not attempt to prove up a bill of exceptions to show what any witness would have testified in response to questions concerning matters about which complaint is now made. Nothing is presented for review. *Solis v. State,* 492 S.W.2d 561 (Tex.Crim.App.1973); *Mabry v. State,* 492 S.W.2d 951 (Tex.Crim.App.1973); *Graham v. State,* 631 S.W.2d 597 (Tex.App.—Fort

Worth 1982, no pet.). This ground is over-ruled.

The judgment is affirmed.