Sean LEBO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–01–00826–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 2002.

Discretionary Review Refused
June 11, 2003.

Anthony Nicholas, Sharon S. Brown, Nicholas & Barrerra, P.C., San Antonio, for Appellant.

Mary Beth Welsh, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: SANDEE BRYAN MARION, Justice.

A jury found defendant, Sean Lebo, guilty of assault on an elderly person, and the trial court assessed punishment at ten years' community supervision, with ninety days' confinement. On appeal, defendant asserts the trial court erred when it submitted to the jury an incorrect instruction on his justification defense and allowed the State to amend the indictment without giving him an opportunity to object. Defendant also raises an ineffective assistance of counsel claim. Defendant filed a motion for rehearing. We deny the motion, withdraw our opinions and judgment of November 20, 2002, and issue these opinions and judgment in their place. After a review of the record, we affirm.

## BACKGROUND

Defendant owns property adjacent to property owned by Irma McNeil. One morning, McNeil noticed her bull had wandered onto defendant's property, and she called defendant for permission to retrieve the bull from his land. Because the bull had been on his land for several weeks, defendant told McNeil she would have to prove the bull belonged to her. McNeil called the complainant, Walter Luensmann, from whom she had purchased the bull, and asked him if he would identify the bull as hers. Luensmann is seventy-years-old. McNeil, Luensmann, and McNeil's daughter, Glenda McNeil, entered onto defendant's property without first receiving defendant's permission. After Luensmann identified the bull as belonging to McNeil, Luensmann opened two gates on defendant's property for the purpose of taking the bull back to McNeil's property. When the bull came out of the pasture, Luensmann began to close one of the gates. At this point, defendant came out of his house.

The McNeils and Luensmann testified that defendant took a "flying tackle" at Luensmann, knocked him to the ground, and landed on top of him. Defendant testified that Luensmann stood at the center of the gate opening, and he pushed Luensmann with his shoulder in an effort to keep the gate open so that his cattle could be moved behind the fence. Defendant said Luensmann fell to the ground after being pushed. As a result of his fall, Luensmann suffered scratches and bruises on his face, a tooth was knocked out, and his shoulder was injured. Later, surgery was required to repair a torn muscle in his shoulder.

## JURY INSTRUCTION

Defendant was charged under Texas Penal Code section 22.04(a) with causing injury to an elderly individual. *See* TEX. PEN. CODE ANN. § 22.04(a) (Vernon Supp.2002). Under that section, a person commits the offense if his actions result in one of three types of injury: (1) serious bodily injury; (2) serious mental deficiency, impairment, or injury; or (3) bodily injury. *Id.* The indictment against defendant alleged that he "knowingly and intentionally and recklessly cause[d] serious bodily injury, to Walter Luensmann, an individual who was 65 years of age or older, by pushing said complainant to the ground."

The Penal Code allows a defendant to assert certain defenses if he is prosecuted for causing injury to an individual in the course of protecting his property. One defense, articulated under section 9.41, states that a person is justified in using force against another when the actor reasonably believes the use of force is immediately necessary to prevent or terminate another's trespass on his property. *Id.* § 9.41(a). A second defense, under section 9.42, allows the use of deadly force against another to protect land if he would be justified in using force under section 9.41, if he reasonably believed that deadly force was immediately necessary, and if he reasonably believed that the land or property could not be protected or recovered by any other means. *Id.* § 9.42.

■ In his first and second issues, defendant asserts the trial court erroneously instructed the jury on his justification defense. Specifically, defendant contends the trial court should not have instructed the jury under section 9.42, but instead, he should have received the instruction detailed in section 9.41. Defendant argues that the language in section 9.42 was harmful because it required the jury to find that he had to believe his property could not be protected by any other means.

■ Generally, a defendant is entitled to a jury instruction on every claimed defensive issue so long as the evidence adduced at trial is sufficient to raise each element of the defense. *Granger v. State,* 3 S.W.3d 36, 38 (Tex.Crim.App.1999). In this case, however, we begin not with the evidence raised at trial, but with the specific offense with which defendant was charged. The indictment here allowed for a conviction only if the jury found that defendant caused Luensmann serious bodily injury. The jury was not permitted to convict by finding that defendant's actions merely resulted in bodily injury. Thus, defendant was entitled to that defense which justified causing serious bodily injury.[1] An individual who causes serious bodily injury necessarily uses deadly force. *Id.* § 9.01(3) (defining deadly force, in part, as force that in the manner of its use is capable of causing serious bodily injury). The only defense provided in the Penal Code to justify the use of deadly force is found in section 9.42.

Defendant did not request a specific justification defense instruction, and he did not object to the instruction given at the charge conference. Because his entitlement to a defense was limited by the offense as charged in the indictment, we hold that the trial court did not err in giving the justification instruction provided under section 9.42.[2] For this reason, we do not reach the question of whether defendant suffered egregious harm.

## AMENDMENT TO INDICTMENT

The original indictment alleged the defendant knowingly and intentionally caused Luensmann serious bodily injury.

On September 21, 2001, the State moved to amend the indictment by adding "recklessly" as a culpable mental state. On that same date, the trial court granted the motion; although, the record does not indicate the date on which the indictment was actually amended. On October 8, 2001, defendant filed a motion to quash the indictment, which the trial court denied. In his third and fourth issues on appeal, defendant asserts the trial court should have granted his motion to quash the indictment because it was duplicitous, amended in violation of Texas Code of Criminal Procedure 28.10 and he was not given a meaningful opportunity to object to the amendment.

■ Defendant raises these complaints for the first time on appeal. In defendant's motion to quash he complained that "the indictment fail[ed] to allege all the essential acts and omissions ... necessary to constitute a violation of any penal law of this state" and the indictment "[was] vague and indefinite." However, the motion to quash did not apprise the trial court of defendant's complaints about any wrongful amendment of the indictment; therefore, defendant is precluded from raising these complaints on appeal. *Skillern v. State,* 890 S.W.2d 849, 872 (Tex.App.-Austin 1994, pet. ref'd). However, because these complaints form the basis of defendant's ineffective assistance of counsel claim, we address their merits below.

### *Duplicitous Language in the Indictment*

■ "Duplicity" is the technical fault of uniting two or more distinct and sepa-

---

1. On appeal, defendant does not challenge the legal or factual sufficiency of the evidence supporting the jury's finding that he caused Luensmann serious bodily injury.

2. We note that the instruction given was defective even under section 9.42, which requires that the interference with one's property occur "during the nighttime." Defendant does not complain about this defect on appeal.

rate offenses in the same count of an indictment. *Skillern,* 890 S.W.2d at 872; *Gahl v. State,* 721 S.W.2d 888, 895 (Tex. App.-Dallas 1986, pet. ref'd); TEX.CODE OF CRIM. PROC. ANN. § 21.24(b) (Vernon 1989). The rule against duplicitous indictments is based on the proposition that a defendant must receive fair notice of the charge against which he must defend. *Galvan v. State,* 699 S.W.2d 663, 666 (Tex.App.-Austin 1985, pet. ref'd). The words "intentionally, knowingly, and recklessly" are allegations of culpable mental states and may be alleged conjunctively in an indictment. *Bivins v. State,* 706 S.W.2d 165, 166 (Tex. App.-Beaumont 1986, pet. ref'd). These words, as used in the indictment, alleging that defendant intentionally, knowingly, or recklessly injured an elderly person did not constitute three distinct offenses. *Id.* Thus, the indictment, which tracked the language of the Penal Code under which defendant was charged and alleged a single offense, was not duplicitous.

### Amendment of the Indictment

■ Article 28.10 precludes amendment of an indictment, over a defendant's objection, if the amended indictment charges the defendant with an additional or different offense or if the defendant's substantial rights are prejudiced. TEX.CODE CRIM. PROC. ANN. § 28.10(c) (Vernon 1989). Defendant contends his substantial rights were prejudiced because the amendment allowing the addition of the word "recklessly" as a culpable mental state provided the basis of the jury's conviction.

■ A different offense means a different statutory offense. *Flowers v. State,* 815 S.W.2d 724, 728 (Tex.Crim.App.1991). Adding an additional mental culpable state does not allege a separate statutory offense. *See Bivins,* 706 S.W.2d at 166. Therefore, the addition of the word "recklessly" did not violate article 28.10. How-

ever, even if the amendment was not objectionable as charging an additional or different offense, it may be improper if the amendment prejudiced the defendant's substantial rights. TEX.CODE CRIM. PROC. ANN. § 28.10(c); *Flowers,* 815 S.W.2d at 729. Here, adding an additional mental culpable state changed the evidence needed to prove the offense, it did not change the offense itself. *See Flowers,* 815 S.W.2d at 728. The amendment was made based on the same incident forming the basis of the original indictment. Defendant does not allege that the amendment, thirty days before trial, deprived him of ample time to prepare his defense. Based on a review of the record, we conclude defendant has not shown any prejudice to his substantial rights. *See Flowers,* 815 S.W.2d at 729. Consequently, the amendment was proper under article 28.10(c).

■ Nevertheless, defendant complains he did not have an adequate opportunity to object to the amendment. This complaint also is governed by article 28.10, which provides, in relevant part that:

> After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

TEX.CODE CRIM. PROC. ANN. art. 28.10(a).

Here, the indictment was amended well in advance of trial. Although defendant had no opportunity to object to the State's motion before the indictment was amended, he had ample time and opportunity to respond to the amendment before the trial commenced. Therefore, defendant's contention that he did not have a meaningful

opportunity to object to the amendment of the indictment is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth issue, defendant raises various acts or omissions on trial counsel's part that he contends deprived him of effective assistance of counsel. We follow the standard of review for evaluating claims of ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). First, a defendant must show that counsel's performance was so deficient it fell below an objective standard of reasonableness. *Thompson,* 9 S.W.3d at 812. Second, defendant must affirmatively prove he was prejudiced by counsel's conduct. *Id.* In other words, defendant must prove by a "reasonable probability" that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Id.* A "reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Id.*

The assessment of whether defendant can prevail on a claim of ineffective assistance of counsel is a fact-intensive inquiry. *Id.* at 813. Defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence, and it must be firmly supported by the record. *Id.* Defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State,* 877 S.W.2d 768, 770–71 (Tex.Crim.App.1994). This court will look to the totality of the representation and the particular circumstances of this case in evaluating whether defendant's counsel was effective. *Thompson,* 9 S.W.3d at 813. We will not make a finding of ineffectiveness based on speculation. *Jackson,* 877 S.W.2d at 770–71.

Defendant asserts trial counsel was ineffective because he did not object to the jury charge and to the amendment of the indictment. Because defendant was not entitled to a justification defense instruction under Penal Code section 9.41 and the amendment to the indictment was proper, trial counsel was not ineffective for these reasons. Defendant also complains counsel was ineffective because he did not object to the variance between the indictment alleging he "pushed" Luensmann and the evidence at trial that he took a "flying leap" at Luensmann. This complaint is without merit for two reasons. First, there was no variance because defendant testified he pushed Luensmann, and second, allegations giving rise to immaterial variances may be disregarded in the hypothetically correct jury charge. *Gollihar v. State,* 46 S.W.3d 243, 257 (Tex.Crim.App. 2001). Finally, defendant contends counsel was ineffective because he did not object to testimony that it was customary to go onto the property of others to recover livestock, and he did not effectively cross-exam the State's witnesses. Defendant's complaints ask this court to speculate about counsel's trial strategy, which we cannot do. Accordingly, we hold that defendant did not meet his burden of proving ineffective assistance of counsel by a preponderance of the evidence.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.

Concurring opinion by PHIL HARDBERGER, Chief Justice (joined by ALMA L. LÓPEZ, Justice)

Concurring opinion by PHIL HARDBERGER, Chief Justice (joined by ALMA L. LÓPEZ, Justice).

There has been some discussion in this case about whether the jury's finding that Lebo caused serious bodily injury cured any error in the charge as submitted. This logic puts the cart before the horse. A jury may reach a certain finding based on erroneous jury instructions that it would not have reached if it had been correctly instructed. In other words, bad instructions can lead to bad answers. Although I concur in the majority's opinion, I write separately to explain the reason that only the section 9.42 justification was required to be given in this case even though the evidence, viewed in isolation, would have required the submission of both justifications. I do not believe the majority's opinion should be relied on to support any argument that we can justify a charge based on the answers reached by the jury. A jury charge is generally guided by the evidence presented and only rarely will the question that must be submitted based on the offense as indicted require a charge that is different than the charge that would have been submitted considering the evidence alone.

"A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim.App.2001). "On the other hand, if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue." *Id.*

In *Ferrel*, the Texas Court of Criminal Appeals noted that it was required to decide whether there was evidence that Ferrel did not use deadly force. *See id.* The court stated, "For there to be evidence that Ferrel did not use deadly force, there must have been evidence that the beer bottle was not capable of causing death or serious bodily injury in the manner of its use or intended use." *Id.* at 592. The court criticized the court of appeals' "faulty assumption that there was evidence that the beer bottle did not cause serious bodily injury and that, in the manner in which the bottle was used, it was incapable of causing serious bodily injury." *Id.* Ferrel hit the victim on the head with a beer bottle, causing him to fall back, hit his head on the ground and die. *See id.* at 590. The court appears to have held that the victim suffered serious bodily injury as a matter of law. *See id.* at 591.

In this case, the victim did not die, and viewing the evidence in the light most favorable to Lebo, a fact issue was raised regarding whether the victim's injuries were serious bodily injuries. In deciding which jury instructions to submit, the trial court was required to consider the evidence as it was presented *before* submission to the jury. The trial court could not assume that the jury would answer the serious bodily injury question in the affirmative. Viewing the evidence in the light most favorable to Lebo, there is evidence that Lebo did not use deadly force, and the jury could have answered the serious bodily injury question in the negative. Therefore, based on the evidence alone, the trial court would have been required to submit both justification instructions on force and deadly force in the alternative.

This case, however, presents a unique situation. The charge in this case must be guided by the offense as it was alleged in the indictment. Although the Penal Code would have permitted Lebo to be convicted of the offense of injury to an elderly individual if he had caused only bodily injury, the indictment required the State to prove

serious bodily injury in order for Lebo to have been found guilty. Therefore, viewed from an evidentiary standpoint, both instructions would be required to be given; however, because the indictment required the State to prove serious bodily injury, which by Penal Code definition involved the use of deadly force, only the section 9.42 justification was required.