NO. 12-02-00173-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


VAN DARON HOOKER,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

 MEMORANDUM OPINION

 Van Daron Hooker ("Appellant") appeals his conviction for evading arrest. In two issues,
Appellant challenges the adequacy of the indictment and the sufficiency of the evidence. We affirm.


Background

 As she left work on the evening of April 23, 2002, Laura Elwell ("Ms. Elwell") observed
Appellant exposing himself while in his car in her office parking lot. Ms. Elwell sought the
assistance of one of her supervisors who, by threatening to call the police, persuaded Appellant to
leave the premises. As she drove home, Ms. Elwell saw what she believed to be Appellant's vehicle
turn into a grocery store parking lot. Ms. Elwell then telephoned the police from her car.

 Officers Judy Broderick ("Officer Broderick") and Lloyd Powell ("Officer Powell") of the
Nacogdoches Police Department were the first to arrive in the store parking lot. As Officer
Broderick approached the vehicle, it fled. Officer Broderick returned to her car to pursue the fleeing
vehicle while, in a separate vehicle, Officer Powell also gave chase. The chase proceeded through
a residential neighborhood. During the pursuit, the vehicle swerved from side to side at a high rate
of speed and, at times, drove with its headlights turned off. After the police laid road spikes in front
of the vehicle, the driver lost control, and the vehicle veered into a yard and crashed into a house. 
At trial, Detective Mark Lollar ("Detective Lollar") testified that the street on which the chase
occurred was a high traffic area and, having observed a videotape of the chase, he concluded that the
vehicle was operated "in a manner consistent with a deadly weapon." Detective Lollar also testified
that the driver of the vehicle used the vehicle "in a deadly manner." 

 Appellant was charged by indictment with evading arrest. The indictment contained an
enhancement paragraph alleging that Appellant had previously been convicted of a felony. Appellant
pleaded not guilty, and a jury trial was conducted on April 23, 2002. That same day the jury found
Appellant guilty of evading arrest. (1) The jury also found that Appellant "used or exhibited" a deadly
weapon, an automobile, while in flight. The jury assessed punishment at twenty years of
imprisonment and a $10,000 fine. (2) This appeal followed.


The Indictment

 The indictment in this case contains the following language:


[APPELLANT] . . . did then and there intentionally flee from Lloyd Powell, a person the defendant
knew was a peace officer who was attempting lawfully to arrest or detain the defendant;


And it is further presented that the defendant used or exhibited a deadly weapon, to-wit: an
automobile, during the commission of or immediate flight from said offense.



 In his first issue, Appellant asserts that the indictment is duplicitous. Specifically, Appellant
complains that the deadly weapon allegation is also employed to elevate the offense of evading arrest
from a Class B misdemeanor to a state jail felony. See, e.g., Skillern v. State, 890 S.W.2d 849, 872
(Tex. App.-Austin 1994, pet. ref'd) (an indictment is duplicitous when in the same count two
separate offenses are charged, or in which two or more phases of the same offense are charged, each
carrying a different punishment); Tex. Code Crim. Proc. Ann. art. 21.24 (Vernon Supp. 2003). 

 The Texas Code of Criminal Procedure provides as follows:


If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment
or information before the date on which the trial on the merits commences, he waives and forfeits the
right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in
any other postconviction proceeding.



Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2003). That an indictment is duplicitous
is one such error that is waived by the failure to make a timely objection. Lebo v. State, 100 S.W.3d
417, 420 (Tex. App.-San Antonio 2002, pet. ref'd); Skillern, 890 S.W.2d at 872. In the present
case, Appellant has failed to provide a record cite for his objection to the indictment, nor does our
review of the record reveal such an objection. Thus, Appellant has waived this issue on appeal.
Accordingly, we overrule Appellant's first issue to the extent that it relates to the duplicity of the
indictment.


THE CHARGE

 By the second argument in his first issue, Appellant challenges the deadly weapon issue in
the jury charge. The issue required the jury to find whether Appellant "did or did not" use or exhibit
an automobile as a deadly weapon during the commission of the offense charged. The jury answered
that Appellant "did." The State relied on this finding to establish that Appellant used a vehicle while
he was in flight, which elevated the offense to a state jail felony, see Tex. Pen. Code Ann. § 38.04,
and that he used a deadly weapon during the commission of a state jail felony, which enhanced his
punishment to a third-degree felony. See Tex. Pen. Code Ann. § 12.35(c)(1). 

 Appellant points out that the proper inquiry for purposes of elevating the offense to a state
jail felony is whether the actor "uses" a vehicle in flight. See Tex. Pen. Code Ann. § 38.04(b)(1). 
Therefore, he asserts, asking whether Appellant "used" or "exhibited" a deadly weapon expands the
inquiry authorized by statute. Furthermore, Appellant contends that because "used" or "exhibited"
was submitted in the disjunctive, some members of the jury could have determined that Appellant
"used" a vehicle while others could have determined that Appellant merely "exhibited" a vehicle. 
Consequently, Appellant's argument continues, the issue as submitted resulted in an illegal sentence
because it allowed the jury to render a less than unanimous verdict as to whether Appellant "used"
a deadly weapon. See Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon
2003) (verdicts in felony cases must be unanimous); Molandes v. State, 571 S.W.2d 3, 4 (Tex. Crim.
App. 1978) (defendants in felony criminal cases have a right to a unanimous verdict of guilt under
the Texas Constitution). The State does not controvert Appellant's contention that whether
Appellant "exhibited" a vehicle is not relevant under section 38.04(b)(1), but argues, in substance,
that the error is harmless. More specifically, the State contends that Appellant's argument fails
because (1) the evidence introduced at trial established that Appellant "used" a vehicle and does not
support a finding that he merely "exhibited" a vehicle, and (2) it is impossible to flee from a police
officer while merely "exhibiting" a vehicle. 

Standard of Review

 At trial, Appellant did not object to the deadly weapon issue. Where alleged charge error is
raised for the first time on appeal, an appellate court may nonetheless review a contention that the
jury charge violates a party's due process rights. Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984)(op. on reh'g). However, a greater degree of harm is required for reversal when
the error is not properly preserved. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). 
To be reversible, unpreserved charge error must result in "egregious harm." Almanza, 686 S.W.2d
at 171. Errors that result in egregious harm are those which affect "the very basis of the case,"
deprive the defendant of a "valuable right," or "vitally affect a defensive theory." Hutch, 922
S.W.2d at 171 (citations omitted). In conducting a harm analysis, an appellate court may consider
the following four factors: (1) the charge itself; (2) the state of the evidence including contested
issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant
information revealed by the record of the trial as a whole. Id. (citations omitted). 

 We agree that whether Appellant "exhibited" a vehicle while evading arrest is an improper
inquiry for purposes of section 38.04(b)(1) and therefore constitutes error. We therefore address
whether the error resulted in egregious harm.



Analysis

 At trial, Detective Lollar testified that a vehicle can be a deadly weapon and that he was
aware of the "factors wherein a vehicle can be a deadly weapon." The State played a videotape of
the chase, and as Detective Lollar viewed the video, he identified several factors indicating that
Appellant used his vehicle as a deadly weapon. First, Appellant drove "upward 60 miles an hour"
in an S-curve in an area frequented by cyclists, joggers, and pedestrians. According to Detective
Lollar, "[t]hat was totally unsafe. It's a deadly speed as a matter of fact." Second, Appellant turned
his headlights off while driving in excess of eighty miles an hour, which "was a deadly speed in
itself." Finally, Appellant drove on the wrong side of the road at times during the chase. Detective
Lollar testified that if the house Appellant crashed into had been a pedestrian, the pedestrian would
have been killed. He also stated that based on his training and his expertise, he concluded that
Appellant operated his vehicle in a manner consistent with a deadly weapon.

 During its closing argument, the State reminded the jury of Detective Lollar's testimony that
a vehicle can be used as a deadly weapon. Furthermore, the State recalled Appellant's speed, his
erratic driving, his moving into the opposite lane several times, the fact that the chase took place in
a residential area where there is "a lot of traffic," and Appellant's crashing into a house. In
conclusion, the State argued that Appellant used his vehicle as a deadly weapon.

 The issue of whether Appellant's actions constituted "use" or "exhibition" of a vehicle was
not a contested issue. The record does not include the testimony of any witness who testified that
Appellant merely "exhibited" his vehicle or any other evidence from which the jury might conclude
that Appellant "exhibited" rather than "used" his vehicle in flight. Moreover, neither party argued
that Appellant "exhibited" the vehicle, and the State emphasized in its closing argument that
Appellant "used" his vehicle as a deadly weapon. Therefore, the record does not support Appellant's
argument that the jury could have been divided as to whether Appellant's conduct was "use" or
"exhibition" of a vehicle. Consequently, after considering the charge in light of the state of the
evidence, the arguments of counsel, and all other relevant evidence included in the record as a whole,
we hold that the trial court's error did not cause "egregious harm." Accordingly, we overrule
Appellant's first issue to the extent that it relates to jury charge.



Evidentiary Sufficiency


 In his second issue, Appellant argues that the evidence is both legally and factually
insufficient to support Appellant's conviction. More particularly, he points out that evading arrest
is a state jail felony if (1) the actor uses a vehicle while in flight and (2) the actor has not been
previously convicted under section 38.04. Tex. Pen. Code Ann. § 38.04(b)(1). Citing State v.
Atwood, 16 S.W.3d 192 (Tex. App.--Beaumont 2000, pet. ref'd), Appellant maintains that the use
of a vehicle and the absence of a previous evading arrest conviction are elements of the offense. 
Therefore, according to Appellant, the State's failure to plead and prove Appellant had not been
previously convicted of evading arrest renders the evidence both legally and factually insufficient
to support Appellant's conviction for state jail felony evading arrest. It therefore follows, Appellant
concludes, that even if his other issues are overruled, he cannot be punished for a felony.

 After reviewing the statutory language, we are unpersuaded that the legislature intended to
require the State to prove a negative. Assuming arguendo that the absence of a prior evading arrest
conviction is an element of state jail felony evading arrest, we hold that the State's failure to plead
and prove a prior conviction is sufficient to establish that Appellant had no such conviction. See
Tex. Pen. Code Ann. 38.04(b)(1). Appellant's second issue is overruled. 


Conclusion


 Having overruled Appellant's first and second issues, we affirm the judgment of the trial
court.


 SAM GRIFFITH Justice



Opinion delivered August 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





(DO NOT PUBLISH)
1. Tex. Pen. Code Ann. § 38.04 (Vernon Supp. 2003).
2. Evading arrest is a Class B misdemeanor. Tex. Pen. Code Ann. § 38.04(b) (Vernon Supp. 2003). Using
a vehicle while evading arrest elevates the offense to a state jail felony. Tex. Pen. Code Ann. § 38.04(b)(1)
(Vernon Supp. 2003). Using or exhibiting a deadly weapon during the commission of a state jail felony enhances the
punishment to a third-degree felony. Tex. Pen. Code Ann. §12.35(c)(1) (Vernon 2003). Proof of a previous felony
conviction enhances the punishment to a second-degree felony. Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon 2003). 
Appellant received the maximum punishment for a second-degree felony. See Tex. Pen. Code Ann. § 12.33
(Vernon 2003).