

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00127-CR

The **STATE** of Texas,
Appellant

v.

Bryan Leonel Rodriguez **MEJIA**,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 10372CR
Honorable Tully Shahan, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: April 26, 2023

REVERSED AND REMANDED

Appellant the State of Texas challenges the trial court's order denying its motion to amend

the information and granting appellee Bryan Leonel Rodriguez Mejia's motion to quash and set

aside the complaint and the information[1] alleging Mejia committed the misdemeanor offense of

criminal trespass.[2] We reverse and remand.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1).
[2] *See* TEX. PENAL CODE ANN. § 30.05(a)(1).

## BACKGROUND

Mejia was charged by information with the misdemeanor offense of criminal trespass. *See* TEX. PENAL CODE ANN. § 30.05(a)(1). Specifically, the State alleged in its original information on September 27, 2021, that "on the 29th day of August 2021, in Kinney County, Texas, [Mejia], did then and there intentionally or knowingly, with notice that entry was forbidden, enter a Critical Infrastructure Facility without effective consent of the owner, to-wit: Union Pacific Railroad by C. Scott Post, Agent." On October 29, 2021, Mejia filed a motion to quash, set aside, and dismiss the information. Mejia argued the information was defective because it failed to allege a location of the property, the type of property, and how he had notice that entry was forbidden.

In response, on November 1, 2021, the State filed a motion requesting leave to amend the information and provide Mejia with further notice of the name of the owner or agent of the property and the location of the property within Kinney County, Texas. The State attached the proposed amended information to its motion to amend.

On November 2, 2021, the trial court released Mejia from custody on a personal recognizance bond. However, because Mejia is a noncitizen of the United States, Mejia was immediately taken into federal custody and transferred to the Port Isabel Detention Facility. On November 9, 2021, Mejia filed an objection to the State's proposed amendment and in the alternative, a motion to quash, set aside, and dismiss the amended information if the State was permitted to file its proposed amended information. Mejia asserted that allowing the State to amend its information would prejudice his substantial rights, as it would affect his ability to prepare a defense. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(c). Mejia contended that due to the State's delay in filing the original defective information, he was detained for more than sixty days "without any plausible ability to prepare a defense as there was no way of knowing where the State alleged he was trespassing." Mejia added that even despite his release on a personal bond, his on-going

federal custody "further imped[es] and prevent[s] his access to counsel and ability to prepare a defense." Nonetheless, Mejia also argued the proposed amended information was still defective for failing to provide proper notice because it did not allege whether the "critical infrastructure facility" was completely enclosed by a fence or other physical barrier that is obviously designed to exclude intruders. Mejia further argued the proposed amended information failed to allege how he had notice entry was forbidden.

The State in turn filed another motion for leave to amend the information, attaching the proposed amended information alleging:

> that on the 29th of August, 2021, in Kinney County, Texas, [Mejia], did then and there intentionally or knowingly, with notice that entry was forbidden, enter a Critical Infrastructure Facility, to-wit: Union Pacific Railroad switching yard, (GPS Coordinates: 29.15564, -100.39993), without the effective consent of the owner, to-wit: C. Scott Post, agent for Union Pacific Railroad.

The trial court conducted a hearing concerning the proposed amended information. The majority of the hearing surrounded the testimony of Mejia's immigration attorney who testified regarding the difficulties counsel encounters when representing persons detained in federal custody. Mejia argued he cannot assist his defense counsel in preparing his defense because counsel is not allowed to visit him at the detention facility and this impediment affects his substantial rights.

After the hearing, the trial court denied the State's motion to amend the information and granted Mejia's motion to quash, set aside, and dismiss the complaint and information. In its order, the trial court found:

1. The information does not provide defendant with notice as to how he received notice indicating that entry [onto] the property was forbidden.

2. The information does not provide the defendant notice as to why he did not have the effective consent of the owner.

3.  To grant the State's motion and permit an amendment of the information would affect the basic rights of the defendant.

In two issues, the State appeals arguing the trial court erred by refusing to allow the State to amend the information and by dismissing the complaint and information. Both issues pertain to whether the trial court erred by denying the State's motion to amend the information while granting Mejia's motion to quash and set aside the information. The State did not stand by its originally-filed information, but rather sought leave to file an amended information to cure any deficiency. Thus, we will first address the sufficiency of the amended information as it relates to Mejia's motion to quash, set aside, and dismiss the complaint and information. Second, we will address whether the trial court erred in denying the State's request to file the amended information.

### MOTION TO QUASH

### A. Standard of Review

We review a trial court's ruling on a motion to quash a charging instrument de novo. *State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017) ("*Jarreau II*"); *State v. Caves*, 496 S.W.3d 153, 155 (Tex. App.—San Antonio 2016, pet. ref'd). Our analysis is "'contingent upon a variety of factors, including, but not limited to, the statutory description of the prohibited conduct and whether the notice deficiency complained of describes an act or omission by the accused.'" *Jarreau II*, 512 S.W.3d at 354 (quoting *DeVaughn v. State*, 749 S.W.2d 62, 68 (Tex. Crim. App. 1988)).

### B. Requirements of an Information

A charging instrument must convey sufficient notice to allow the accused to prepare a defense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.23 ("The rules with respect to allegations in an indictment and the certainty required apply also to an information."). In an information, the offense must be "set forth

in plain and intelligible words[.]" TEX. CODE CRIM. PROC. ANN. art. 21.21. The information should include everything necessary to be proved. TEX. CODE CRIM. PROC. ANN. arts. 21.03, 21.23. An information is sufficient if it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

TEX. CODE CRIM. PROC. ANN. arts. 21.11, 21.23.

Generally, an information tracking the language of a statute gives sufficient notice. *Jarreau II*, 512 S.W.3d at 354; *Barbernell*, 257 S.W.3d at 251. Definitions of statutorily defined terms and elements are typically considered evidentiary and need not be further alleged in the information. *Barbernell*, 257 S.W.3d at 251. Furthermore, to provide adequate notice to the defendant, the State need not plead evidentiary matters nor the manner and means of the commission of the offense if there is only one. *State v. Jarreau*, 563 S.W.3d 477, 483 (Tex. App.—San Antonio 2018, pet. ref'd) ("*Jarreau III*") (citations omitted). The exceptions to this general rule apply when the statute itself (1) uses an undefined term of indeterminate or variable meaning, or (2) defines the manner or means of commission in several alternative ways. *State v. Zuniga*, 512 S.W.3d 902, 907 (Tex. Crim. App. 2017). If either exception applies, the charging instrument will require more specific pleading to notify the defendant of the nature of the charges against him. *See State v. Ross*, 573 S.W.3d 817, 820 (Tex. Crim. App. 2019).

In *Barbernell*, the Texas Court of Criminal Appeals prescribed a two-step analysis for evaluating the adequacy of an information's allegations. 257 S.W.3d at 255. "First, a court must identify the elements of an offense." *Id.* Second, if the Legislature has defined an element of the offense describing an act or omission by the defendant a court must ask whether the statute provides "alternative manners or means in which the act or omission can be committed." *Id.* If so,

then the pleading "will supply adequate notice only if, in addition to setting out the elements of an offense, it also alleges the specific manner and means of commission that the State intends to rely on at trial." *Id.*; *see also Jarreau II*, 512 S.W.3d at 354–55.

Nonetheless,

> [i]f a charging instrument omits specific reference to a word, term, or phrase that is a constituent element of the offense but, from reading the [information] as a whole, that element is supplied by *necessary* inclusion within an expressed word, term, or phrase, then the failure to specifically plead the word, term, or phrase will not render the charging instrument fundamentally defective.

*Murphy v. State*, 665 S.W.2d 116, 118 (Tex. Crim. App. 1983); *Dennis v. State*, 647 S.W.2d 275, 280–81 (Tex. Crim. App. 1983). To add, in general, "if the word or term is defined by statute, it need not be further clarified in the charging instrument, even where a motion to quash is the mechanism used to challenge the word or term in the charging instrument." *Coleman v. State*, 643 S.W.2d 124, 125 (Tex. Crim. App. 1982); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.12.

### C. Application

Under the amended information, the State alleged Mejia entered property belonging to Union Pacific Railroad—specifically a Critical Infrastructure Facility, "to-wit: Union Pacific Railroad switching yard, (GPS Coordinates: 29.15564, -100.39993), without the effective consent of the owner, to-wit: C. Scott Post, agent for Union Pacific Railroad"—with notice that his entry was forbidden. Mejia complained the information was insufficient because it failed to allege what kind of notice he was provided under section 30.05(b)(2)(A–E) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 30.05(b)(2)(A–E). The State maintains it is unnecessary to allege the specific notice as it is only evidentiary. *See Jarreau III*, 563 S.W.3d at 483.

We agree with the State. We "are not aware of any authority, either case law construing [section] 30.05, or provisions of the Code of Criminal Procedure, which would categorically require the State to allege the *means* of notice in order to sufficiently charge the accused." *Bobo v.*

*State*, 757 S.W.2d 58, 61 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *see also Thompson v. State*, 12 S.W.3d 915, 924 (Tex. App.—Beaumont 2000, pet. ref'd); *Chunn v. State*, 821 S.W.2d 718, 720 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). Mejia does not provide any authority supporting his proposition.

Moreover, the amended information gives the GPS coordinates of the exact location curing any deficiency as to which Union Pacific Railroad property the State contends Mejia criminally trespassed upon. In addition, the State alleged he entered the railroad's switchyard, a Critical Infrastructure Facility, that by definition, requires the State to prove the facility is "completely enclosed by a fence or other physical barrier that is obviously designed to exclude intruders[.]" TEX. PENAL CODE ANN. § 30.05(b)(7)(H). The information read as a whole, adequately informs Mejia of how he had notice his entry was forbidden at Union Pacific Railroad's switchyard, a Critical Infrastructure Facility. *See Murphy*, 665 S.W.2d at 118; *Dennis*, 647 S.W.2d at 280–81; *Coleman*, 643 S.W.2d at 125; *Sandoval*, 842 S.W.2d at 790; *see also* TEX. CODE CRIM. PROC. ANN. art. 21.12.

Having determined the amended information sufficiently provides the requisite notice required of a charging instrument, we now determine whether the trial court erred in denying the State's motion to amend the information.

## MOTION TO AMEND INFORMATION

### A. Standard of Review

A trial court bases its decision to deny the State's motion to amend an information on the trial court's review of the proposed amended information, the State's motion, and applicable law. *Jarreau III*, 563 S.W.3d at 489. Because the trial court's decision does not turn on an evaluation of the witnesses' credibility or demeanor, we apply a de novo standard of review. *Id.*

### B. Applicable Law

Article 28.10 of the Texas Code of Criminal Procedure provides that after notice to the defendant, the State may amend an information as to form or substance any time before the date on which trial commences. TEX. CODE CRIM. PROC. ANN. art. 28.10(a). The information may not be amended over a defendant's objection as to form or substance if the amended information "charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." *Id*. art. 28.10(c).

A "different offense" in the context of article 28.10(c) means a different statutory offense. *Lebo v. State*, 100 S.W.3d 417, 421 (Tex. App.—San Antonio 2002, pet. ref'd) (citing *Flowers v. State*, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991)). To determine whether a defendant's substantial rights are prejudiced, we "must look to whether the amendment would impair the defendant's ability to prepare a defense, i.e., defect is such that the defendant is not provided with adequate notice so as to allow him to prepare a defense." *Jarreau III*, 563 S.W.3d at 490 (citing *Flowers*, 815 S.W.2d at 729; *Hillin v. State*, 808 S.W.2d 486, 488 (Tex. Crim. App. 1991)).

### C. Application

The amendment proposed by the State and rejected by the trial court did not charge the defendant with a different or additional offense. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(c). Rather, the amendment sought to name the owner or agent of the property and more clearly identify the location of the property the State alleges Mejia criminally trespassed upon. Thus, it more fully provides notice of the offense for which Mejia was charged.

Additionally, the proposed amendment did not prejudice Mejia's substantial rights as he claims. Mejia moved to quash the State's original information asserting the property description insufficiently apprised him of the property's location where he allegedly criminally trespassed. Furthermore, Mejia argued the original information also provided inadequate notice on how his

entry was forbidden. As explained above, the State's proposed amendment provided the exact information Mejia requested—notice sufficient to allow him to prepare his defense. *See Jarreau III*, 563 S.W.3d at 490. Moreover, Mejia's arguments pertaining to issues surrounding his continued federal custody are misplaced in proceedings involving challenges to the sufficiency of a charging instrument. Prejudice that must be avoided in the context of amending an information under article 28.10(c) concerns the defendant having adequate notice of the allegations to allow the defendant to prepare a defense. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 28.10(c).

Thus, we cannot conclude that allowing the State's amendment would have prejudiced Mejia's substantial rights. *See Jarreau III*, 563 S.W.3d at 490; *see also* TEX. CODE CRIM. PROC. ANN. art. 28.10(c).

Because the State's motion to amend a pretrial amendment to the information neither charged an additional or different offense nor prejudiced Mejia's substantial rights, we hold the trial court erred in denying the State's motion to amend the information and granting Mejia's motion to quash, set aside, and dismiss the complaint and information. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(c).

We sustain the State's issues on appeal.

### CONCLUSION

We reverse the trial court's order denying the State's motion to amend the information and granting Mejia's motion to quash and set aside the information. We remand the case to the trial court for further proceedings consistent with this opinion.

Irene Rios, Justice

DO NOT PUBLISH