The STATE of Texas, Appellant

v.

James Norman EVANS, Appellee

No. 04–15–00189–CR, No. 04–15–00190–CR, No. 04–15–00191–CR

Court of Appeals of Texas, San Antonio.

Delivered and Filed: January 20, 2016

Discretionary Review Refused May 4, 2016

John Hoover, Kerrville, TX, for Appellant.

Wallace T. Ferguson, Ferguson & Hix, Boerne, TX, David K. Chapman, Attorney at Law, Karnes City, TX, for Appellee.

Sitting: Karen Angelini, Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Jason Pulliam, Justice

The State of Texas appeals the trial court's order granting Appellee James Norman Evans's motion to suppress the results of a search pursuant to a warrant. In a single issue, the State argues the trial court abused its discretion by granting the motion to suppress because the trial court interpreted the warrant affidavit in a hyper-technical manner, rather than defer-ring to reasonable inferences the reviewing magistrate could have drawn. We reverse and remand to the trial court for further proceedings consistent with this opinion.

### BACKGROUND

A Kendall County grand jury indicted Evans on July 7, 2014, for sexual assault and continuous sexual abuse of a young child. Following Evans's arrest, District Judge Keith Williams released Evans on bond subject to sex offender bond conditions.

On August 1, 2014, Kendall County Community Supervision and Corrections Officer Jody Lange conducted a bond conditions check at Evans's residence. Evans consented to a search of the residence by Lange, during which Lange discovered a pair of black and gold striped crotchless panties in the top drawer of a dresser located in Evans's bedroom. Lange recognized the panties as matching the panties described by the victim in her outcry statement.

Lange informed Kendall County Sheriff's Office Investigator Desiree Terrell what he observed. Terrell prepared an affidavit and applied for a search warrant. Lange additionally signed the search warrant affidavit as an affiant. Judge Williams issued a search warrant, which Terrell executed the same day, August 1, 2014. During the search of Evans's home, Terrell found and seized the panties.

On March 5, 2015, Evans filed a Third Amended Motion to Suppress Evidence. The trial court, Senior Judge Robert R. Barton sitting by assignment, held a hearing regarding Evans's motion to suppress on March 13, 2015. Following presentation of evidence and argument from the parties, the trial court granted Evans's motion to suppress. The trial court found the affidavit lacked current information that would have made it reasonable to

believe the evidence to be searched for and seized was in the place to be searched.

The State subsequently filed this appeal.[1]

### ANALYSIS

■ The State argues the trial court violated the prohibition on hyper-technical review of a warrant affidavit when it failed to conduct its review with the deference required.

The affidavit supporting the search warrant reads, in part, as follows:

> Your Affiant was advised by Probation Officer Jody Lange, on August 1, 2014, that he conducted a Bond Conditions check at the Defendant's residence. While at the Defendant's residence, Officer Lange obtained verbal consent from the Defendant to search the residence. While searching the Defendant's bedroom, Officer Lange found a pair of black and gold striped women's crotchless panties in the top drawer of a dresser located to the left of the bed. Officer Lange stated he previously read the offense report and knew that a pair of black and gold striped women's crotchless panties were evidence in this case.

The trial court reasoned the date included in the affidavit referred only to the date on which Lange told Terrell what he found during the search of Evans's residence, not the date on which the search took place. Thus, the trial court decided the "affidavit does not contain any averments of fact that explicitly or by reasonable inference disclose the date on which, or a recent time period within which, the item of evidence described in the affidavit and warrant was discovered in the place to be searched."

The State argues the issuing magistrate could have reasonably inferred Lange conducted the bond conditions check on August 1, 2014, the same day he informed Terrell what he observed, which was also the same day on which Terrell applied for the search warrant. Evans responds the trial court correctly determined the search warrant was invalid because the "matter stated in the affidavit was insufficiently current to support issuance of the warrant."

### Standard of Review

■ When reviewing a trial court's ruling on a motion to suppress, the appellate court generally applies a bifurcated standard, giving almost total deference to the trial court's determination of historic facts that are supported by the record, and applies a de novo standard to the trial court's application of the law to the facts. *State v. McLain,* 337 S.W.3d 268, 271 (Tex. Crim.App.2011). However, when the trial court is determining whether probable cause exists to support the issuance of a search warrant, it makes no credibility determinations, and it is constrained to the four corners of the affidavit. *Id.* Thus, when reviewing a magistrate judge's decision to issue a search warrant, the appellate court applies a "highly deferential standard" because of the constitutional preference for searches to be conducted pursuant to a warrant. *Id.* After reviewing the supporting affidavit in a "common-

---

1. In his response, Evans raises two "crosspoints" regarding the trial court's failure to hold a *Franks* hearing. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Because Evans's cross-points are not properly before this court, this court does not decide whether the trial court erred by failing to hold a *Franks* hearing. *See State v. Garcia,* 823 S.W.2d 793, 799 (Tex.App.–San Antonio 1992, pet. ref'd) ("In an appeal by the State under [Texas Code of Criminal Procedure,] article 44.01, the defendant has no right to an interlocutory cross-appeal.").

sensical and realistic manner," the appellate court must uphold the magistrate judge's decision so long as the magistrate judge had a substantial basis for concluding probable cause existed based on the four corners of the affidavit and reasonable inferences therefrom. *Jones v. State,* 364 S.W.3d 854, 857 (Tex.Crim.App.2012); *McLain,* 337 S.W.3d at 271. "This substantial basis standard of review does not mean the reviewing court should be a rubber stamp but does mean that the magistrate's decision should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result upon de novo review." *Flores v. State,* 319 S.W.3d 697, 702 (Tex.Crim.App. 2010) (internal quotations omitted). Further, in making its determination, a reviewing court should not invalidate a warrant by reviewing the affidavit in a hyper-technical manner. *See Rodriguez v. State,* 232 S.W.3d 55, 59 (Tex.Crim.App.2007) (citing *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)).

### Application

 Generally, "[t]he facts stated in a search affidavit 'must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified.'" *McLain,* 337 S.W.3d at 272 (quoting *Flores v. State,* 827 S.W.2d 416, 418 (Tex.App.–Corpus Christi 1992, pet. ref'd)). However, "imprecision with respect to time is not by itself fatal." *Jones,* 364 S.W.3d at 861. Lack of precision becomes fatal only when a court cannot ascertain whether the information is stale. *Id.*

Although the plain meaning of the aforementioned statement, read literally, does not clearly indicate Lange conducted the bond conditions check and observed the panties in Evans's residence on August 1, 2014, the magistrate could have reasonably inferred Lange observed the panties on that date. The magistrate could also reasonably infer Terrell would not delay in applying for a search warrant given the nature of the evidence as well as the offenses for which Evans was indicted. Even in a close case, the trial court should have given a great deal of deference to the magistrate's determination of probable cause to encourage the use of the warrant process rather than officers making a warrantless search and later invoking an exception to the warrant requirement. *Rodriguez,* 232 S.W.3d at 59–60. In view of these permissible inferences, the information contained within the affidavit was not stale and, thus, was not fatal to the magistrate's finding of probable cause.

Employing a highly deferential standard and deferring to the reasonable inferences the magistrate could have made based on the four corners of the affidavit, this court concludes the magistrate had a substantial basis for determining probable cause that the evidence to be searched for and seized was in the place to be searched. Accordingly, the trial court erred by granting Evans's motion to suppress. The State's issue on appeal is affirmed.

### CONCLUSION

The judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.