

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-15-00313-CR

The **STATE** of Texas,
Appellant/Cross-Appellee

v.

James Burke **JARREAU**,
Appellee/Cross-Appellant

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 5552
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 31, 2018

MOTION TO DISMISS CROSS-APPEAL GRANTED; CROSS-APPEAL DISMISSED;
REVERSED AND REMANDED

Appellant James Burke Jarreau was charged with delivery or offer of delivery of a

dangerous drug, specifically 25B-NBOMe.   Jarreau moved to quash the indictment alleging,

among other things, that it failed to allege which of the two statutory definitions of "dangerous

drug" the State intended to rely on, i.e., "device" or "drug."   The trial court granted the motion to

quash on that ground as well as three others.   On original submission to this court, we held the trial

court did not err in granting the motion to quash because the State was required to specify which

definition of "dangerous drug" it intended to rely upon at trial.  *State v. Jarreau*, No. 04-15-00313-

CR, 2016 WL 3440481, at \*4–\*5 (Tex. App.—San Antonio June 22, 2016) (mem. op., not designated for publication), *rev'd*, 512 S.W.3d 352 (Tex. Crim. App. 2017). We held that because the indictment "did not 'elect[] among the alternate statutory manner or means' of committing the offense of deliver or offer to deliver a dangerous drug — by device or by drug that is unsafe for self-medication" — it failed to provide sufficient notice to inform Jarreau of the specific acts for which he was charged. *Id.* at \*6–\*7. The State filed a petition for discretionary review. The Texas Court of Criminal Appeals granted the State's petition and reversed our judgment, holding "[t]he nature of 25B-NBOMe as a device or drug is not a manner or means of delivery of a dangerous drug and does not describe, concern, involve or go to the act of delivery; thus, the charging instrument did not have to specify 'device' or 'drug.'" *Jarreau*, 512 S.W.3d at 356. The court remanded the matter back to this court "for consideration of the State's remaining points of error." *Id.* at 356–57. On remand, we reverse the trial court's order granting the motion to quash and remand this matter to the trial court for further proceedings consistent with our opinion. In addition, we grant the State's motion to dismiss Jarreau's cross-appeal and order the cross-appeal dismissed.

## BACKGROUND

The State indicted Jarreau for delivery or offer of delivery of a dangerous drug. The indictment alleged Jarreau "did then and there intentionally or knowingly deliver or offer to deliver to [M.J.] a dangerous drug, specifically 25B-NBOMe."[1] Jarreau filed two motions to quash the indictment. In thE first motion, he alleged the indictment fails to provide adequate notice or define the term "dangerous drug." Approximately a month later, Jarreau filed a second motion to quash.

---

[1] Effective September 1, 2015, the Legislature added 25B-NBOMe to penalty group 1-A in the Texas Controlled Substances Act. Act of May 22, 2015, 84th Leg., R.S., ch. 64, § 2, 2015 Tex. Gen. Laws __ (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.1021(a)(2)(B)).

In his second motion, which is the motion ruled upon by the trial court, Jarreau complained the indictment is defective because it: (1) fails to allege why 25B-NBOMe is a dangerous drug under section 483.001(a) of the Texas Health and Safety Code ("the Code"); (2) fails to state an offense because 25B-NBOMe did not bear and was not required to bear the legends required by subsections (A) and (B) of section 483.001(2) of the Code; (3) fails to allege which of the various statutory definitions of "dangerous drug" under section 483.001(2) of the Code — drug or device — the State intends to rely on in its prosecution, thereby failing to provide adequate notice; (4) fails to allege which of the various statutory definitions of "dangerous drug" under section 481.002(16) of the Code the State intends to rely on in its prosecution, thereby failing to provide adequate notice; (5) alleges a delivery or offer to deliver, but does not state whether the delivery in question was by actual or constructive transfer; (6) alleges Jarreau delivered or offered to deliver a dangerous drug, but does not allege the manner and means of the purported delivery or offer to deliver; (7) the statute underlying the indictment — section 483.042(a) of the Code, which makes delivery or an offer of delivery of a dangerous drug a criminal offense — is unconstitutionally vague, facially and as applied; and (8) alleges Jarreau delivered or offered to deliver a dangerous drug, but does not allege he knew the thing delivered was a dangerous drug or any kind of contraband.

After a hearing, the trial court took the matter under advisement. A subsequent hearing was scheduled. On the day of the hearing, but before the trial court ruled on the motion to quash, the State filed a motion to amend the indictment, seeking to include more specificity regarding the manner and means of delivery. At the hearing, the trial court verbally denied the State's motion to amend and thereafter, granted Jarreau's second motion to quash. At the State's request, the trial court stated on the record it was granting Jarreau's motion because the indictment failed to allege:

- why 25B-NBOMe is a dangerous drug under section 483.001(a) of the Code;

- which of the various statutory definitions of "dangerous drug" the State intended to rely on;

- whether the delivery in question was by actual or constructive transfer; and

- the manner and means of the purported delivery or offer to deliver.

Thereafter, the trial court signed the order granting Jarreau's motion to quash. The State filed a notice of appeal. After the State filed its notice of appeal, Jarreau filed a cross-notice of appeal, seeking to affirm the trial court's order on the grounds the trial court denied, expressly or by implication. In response, the State filed a motion to strike Jarreau's cross-appellant's brief and the points therein — which we interpreted as a motion to dismiss for want of jurisdiction. Jarreau filed a response. After reviewing the motion and the response, we ordered the motion and response carried with the appeal.

As set out above, we held the trial court did not err in granting the motion to quash because the State was required to specify which definition of "dangerous drug" it intended to rely upon at trial, thereby failing to provide Jarreau with sufficient notice of the specific acts with which he was charged. *Jarreau*, 2016 WL 3440481, at *4–*7. Based on our decision, we denied as moot the State's motion to dismiss Jarreau's cross-appeal. However, the court of criminal appeals reversed our judgment, holding that because the type of drug involved is not a manner or means of delivery of a dangerous drug and does not describe, concern, involve, or go to the act of delivery, the State is not required to specify the specific type of drug involved. *Jarreau*, 512 S.W.3d at 356. The court remanded the matter back to this court. *Id.* at 356–57.

On remand, we permitted the parties to file supplemental briefs. In addition to filing a supplemental brief, the State also filed a motion reurging its prior motion to dismiss for want of jurisdiction. We once again ordered the motion taken with the case. Based on the court of criminal

appeals' decision, we now address: (1) the State's contention that the trial court erred in granting the motion to quash — specifically, the remaining grounds upon which the trial court based its decision to quash; (2) the State's issue challenging the denial of its motion to amend; and (3) the State's motion to dismiss Jarreau's cross-appeal.

**ANALYSIS**

As noted above, the State contends the trial court erred in granting Jarreau's motion to quash and denying its motion to amend. We begin with the propriety of the trial court's order granting the motion to quash, specifically with regard to the three remaining grounds upon which the trial court based its decision.

***Motion to Quash***

As noted above, the trial court granted the motion to quash because the indictment failed to state: (1) why 25B-NBOMe is a dangerous drug under section 483.001(a) of the Code; (2) which of the various statutory definitions of "dangerous drug" the State intended to rely on; (3) whether the delivery in question was by actual or constructive transfer; and (4) the manner and means of the purported delivery or offer to deliver. The second basis relied upon by the trial court, and upon which we based our prior opinion, is no longer viable given the decision of the court of criminal appeals. *See id.* at 356. We must now address the remaining grounds relied upon by the trial court in support of its order granting Jarreau's motion to quash.

<u>Standard of Review</u>

A trial court's ruling on a motion to quash is subject to de novo review. *Id.* at 354 (citing *Moff v. State*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)); *State v. Castorena*, 486 S.W.3d 630, 632 (Tex. App.—San Antonio 2016, no pet.). We conduct a de novo review because the sufficiency of an indictment is a question law. *Castorena*, 486 S.W.3d at 632 (citing *State v. Rosseau*, 396 S.W.3d 550, 555 n.6 (Tex. Crim. App. 2013)). Our analysis is "'contingent upon a

variety of factors, including, but not limited to, the statutory description of the prohibited conduct and whether the notice deficiency complained of describes an act or omission by the accused.'" *Jarreau*, 512 S.W.3d at 354 (quoting *DeVaughn v. State*, 749 S.W.2d 62, 68 (Tex. Crim. App. 1988)).

### *Applicable Law — Charging Instruments*

Criminal defendants are constitutionally entitled to fair notice of the specific offense with which they are charged. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation . . ."); TEX. CONST. art. I, § 10 ("In all criminal prosecutions the accused shall have . . . the right to demand the nature and cause of the accusation against him, and to have a copy thereof."); *see State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008); *Castorena*, 486 S.W.3d at 632. The Texas Legislature has provided statutory guidelines regarding the sufficiency of an indictment. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 21.02; *id.* art. 21.03; *id.* art. 21.11. Article 21.02 sets out what must be included in an indictment and states, in part, that "[t]he offense must be set forth in plain and intelligible words." TEX. CODE CRIM. PROC. ANN. art. 21.02. And, an indictment should include everything that is necessary to be proved. *Id.* art. 21.03. An indictment is sufficient if it:

> [C]harges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

*Id.* art. 21.11; *see Jarreau*, 512 S.W.3d at 354. In sum, an indictment must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. *See Moff*, 154 S.W.3d at 601; *Castorena*, 486 S.W.3d at 632.

Generally, an indictment is sufficient if it tracks the language of the statute under which the defendant has been charged. *Barbernell*, 257 S.W.3d at 251; *Moff*, 154 S.W.3d at 602.

Definitions of statutorily-defined terms and elements are typically considered evidentiary and need not be further alleged in the indictment. *Barbernell*, 257 S.W.3d at 251. Moreover, the State is not required to plead evidentiary matters nor the manner and means of commission of an offense — if there is but one, to provide adequate notice to the defendant. *See id.* (citing *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000)); *see also Daniels v. State*, 754 S.W.2d 214, 218 (Tex. Crim. App. 1988) (en banc). When a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it charges. *State v. Mays*, 967 S.W.2d 404, 407 (Tex. Crim. App. 1998) (en banc).

The Texas Court of Criminal Appeals has set out a two-step analysis for evaluating the adequacy of an indictment's allegations. *See Barbernell*, 257 S.W.3d at 255. First, the court must identify the specific elements of the offense. *Id.* Second, if the element of the offense describing the criminal act or omission by the defendant has been defined by the Legislature, the court must determine whether the statutory definition provides alternative manner or means in which the act or omission may be committed. *Id.* If the Legislature has defined the act or omission and provided alternative manner and means of commission, the indictment is adequate only if it alleges the specific manner and means of commission the State intends to rely on at trial. *Id.* On the other hand, purely evidentiary matters need not be alleged in order to provide a defendant with adequate notice. *Id.* at 256. For example, in *Barbernell*, the defendant was charged with driving while intoxicated. *Id.* The court of criminal appeals held the various definitions of "intoxicated" did not "concern an act or omission and create two different manners and means of committing DWI[;]" rather, the definitions were "purely evidentiary matters[,] and therefore, did not have to be alleged for purposes of providing adequate notice to the defendant." *Id.*

*Application*

1. Failure to Allege Why 25B-NBOMe is a Dangerous Drug

As noted, Jarreau was charged with delivery or offer of delivery of a dangerous drug pursuant to section 483.042 of the Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 483.042(a)(10). The indictment states:

> **JAMES BURKE JARREAU**, on or about the 20th day of April, A.D. 2013, and before presentment of this indictment, in said County and State, did then and there intentionally or knowingly deliver or offer to deliver to [M.J.] a dangerous drug, specifically 25B-NBOMe[.][2]

The trial court found the indictment insufficient because it failed to allege why 25B-NBOMe is a dangerous drug. The trial court's finding was based on Jarreau's contention that because 25B-NBOMe was not — at the time of the indictment — named in the Code, the State had to allege whether it was a dangerous drug because it is either "unsafe for self-medication" or a so-called legend drug in order to provide adequate notice. However, the State contends that based on the court of criminal appeals' decision in this case, the indictment is not required to include that allegation. We agree.

The term "dangerous drug" is defined under section 483.001 of the Code as:

> [A] device or a drug that is unsafe for self-medication and that is not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481 (Texas Controlled Substances Act). The term includes a device or drug that bears or is required to bear the legend:
> (A) "Caution: federal law prohibits dispensing without prescription" or "Rx only" or another legend that complies with federal law; or
>
> (B) "Caution: federal law restricts this drug to use by or on the order of a licensed veterinarian."

---

[2] The indictment alleged a mens rea, which it was not required to do. *See* TEX. HEALTH & SAFETY CODE ANN. § 483.042(a). The State admits in its brief that by alleging Jarreau acted intentionally or knowingly, the State increased its burden of proof.

*Id.* § 483.0-1(2). The court of criminal appeals held the alternate definitions of "dangerous drug" "do not concern the act of 'deliver or offer to deliver[,]'" and therefore need not be specified in the indictment. *Jarreau*, 512 S.W.3d at 355. Although the court was considering whether the State was required to allege whether 25B-NBOMe was either a "drug" or a "device" under the definitions of dangerous drug, we hold its statement applies equally to the definitions of 25B-NBOMe as either "unsafe for self-medication" or a so-called legend drug. *See id.* The court went on to hold — in response to arguments by Jarreau — it made no difference whether Chapter 483 defined "device" or "drug" because even if defined in a mutually exclusive way, "25B-NBOMe's character as either would not describe, concern, involve, or go to [Jarreau's] act of delivery and so would not have to be pled." *Id.* at 356. The court concluded that because "[t]he nature of 25B-NBOMe as a device or drug is not a manner or means of delivery of a dangerous drug and does not describe, concern, involve or go to the act of delivery," the indictment did not have to specify whether 25B-NBOMe was a "device" or "drug." *Id.* (citations omitted). We hold the same is true with regard to whether 25B-NBOMe is "unsafe for self-medication" or a so-called legend drug. *See id.* The nature of 25B-NBOMe as either "unsafe for self-medication" or a so-called legend drug is not a manner or means of delivery of a dangerous drug, nor does it describe, concern, involve, or go to the act of delivery or offer of delivery, which is the manner or means by which the act may be committed, i.e., the criminal conduct proscribed by the statute. *See id.* Thus, we hold the State was not required to allege in the indictment why 25B-NBOMe is a dangerous drug. *See id.*

In support of his contention that the indictment had to allege why 25B-NBOMe was a dangerous drug — "unsafe for self-medication" or a so-called legend drug — Jarreau relies on *Ex parte Charles*, 582 S.W.2d 836 (Tex. Crim. App. 1979). In *Charles*, the defendant was convicted of delivery of sinequan, a dangerous drug. 582 S.W.2d at 837. The defendant filed a post-

conviction writ of habeas corpus in which he alleged the indictment under which he was convicted was void because it failed to allege an offense. *Id.* More specifically, the defendant argued the indictment was insufficient because it failed to allege facts showing why sinequan is a dangerous drug. *Id.* The court of criminal appeals agreed, holding that because sinequan was not listed by name in the Dangerous Drug Act, the indictment failed to allege an essential element of the offense because it failed to allege why sinequan is a dangerous drug. *Id.* Jarreau contends *Charles* is still the law and governs this issue. Based on *Barbernell*, as applied in *Jarreau*, we disagree.

In *Jarreau*, the Texas Court of Criminal Appeals specifically held with regard to indictments for delivery of a dangerous drug, the essential elements are (1) a person, (2) delivers or offers to deliver, (3) a dangerous drug. *Jarreau*, 512 S.W.3d at 355 (citing TEX. HEALTH & SAFETY CODE ANN. § 483.042(a)). Contrary to *Charles*, the *Jarreau* court held the alternate definitions of "dangerous drug" do not concern the act of delivery, and therefore, need not be alleged in the indictment. *Compare Jarreau*, 512 S.W.3d at 355, *with Charles*, 582 S.W.2d at 837. Moreover, and also contrary to *Charles*, the court now holds that why a particular drug is a dangerous drug is *not* an essential element of the offense. *Compare Jarreau*, 512 S.W.3d at 355, *with Charles*, 582 S.W.2d at 837. That the term "dangerous drug" is defined in the Code is of no moment — even if the definitions are mutually exclusive — because the character of the drug neither describes, concerns, involves, nor goes to the act of delivery; therefore, the definitions of dangerous drug do not create alternate manners and means of committing the offense. *Jarreau*, 512 S.W.3d at 356. In the absence of any relevance to the act of delivery, alleging a specific definition of a dangerous drug is unnecessary for adequate notice to the defendant of the offense charged. *See id.* Thus, we hold the court's recent decision in *Jarreau*, applying the two-step *Barbernell* analysis in the context of an indictment charging the offense of delivery of a dangerous drug, implicitly overruled *Charles*.

In light of *Jarreau's* application of *Barbernell*, we hold the trial court erred in granting Jarreau's motion to quash on the ground that the indictment was deficient for failing to allege why 25B-NBOMe was a dangerous drug. We must now determine whether the trial court erred in granting Jarreau's motion to quash based on the trial court's finding that the indictment was deficient for failing to specifically allege the manner and means of delivery.

2. Failure to Provide Adequate Notice as to Delivery or Offer to Deliver

In his motion to quash, Jarreau complained that the indictment was defective because it alleged he delivered or offered to deliver a dangerous drug, but failed to: (1) advise whether the delivery or offer to deliver was by actual or constructive transfer; and (2) specify the manner and means of delivery. The trial court granted the motion to quash on both bases.

*a. Actual or Constructive Transfer*

We begin with the trial court's determination that the indictment was insufficient because it failed to allege whether the delivery was by actual or constructive transfer. In his motion to quash, Jarreau asserted the indictment is defective because it alleged a delivery or offer to deliver, but failed to inform him whether the delivery in question was by actual or constructive transfer. In support of his contention, Jarreau relied upon *Ferguson v. State*, 622 S.W.2d 846 (Tex. Crim. App. 1980) (op. on reh'g).

In *Ferguson*, the defendant was indicted for the offense of delivery of a controlled substance. *Id.* at 849. He filed a motion to quash the indictment, arguing the indictment failed to provide sufficient notice because it did not state the type of delivery the State intended to rely upon to prove his guilt. *Id.* Relying on the predecessor statute to section 481.002(8) of the Code, the court of criminal appeals concluded that because the term "delivery" was statutorily defined and pursuant to that definition could be accomplished by actual transfer, constructive transfer, or an offer to sell, the State was required to allege the type of delivery it would attempt to prove. *Id.* at

851 (citing FORMER TEX. REV. CIV. STAT. ANN. art. 4476-15, §1.02(8) (Vernon 1988), *repealed by* Acts 1989, 71st Leg., R.S., Ch. 678, § 13(1) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.002(8)). In other words, because the statutory definition of delivery provided for more than one manner or means to commit the act, then upon timely request, the State had to allege the particular manner or means it intended to establish — actual transfer, constructive transfer, or an offer to sell. *Id.* Based on *Ferguson*, Jarreau argued the State was required to allege whether the delivery or offer to deliver was by actual or constructive transfer. Although we agree with the reasoning in *Ferguson* — particularly in light of the court's decision in *Jarreau*, we hold Ferguson is distinguishable as it relies upon a definition of delivery not applicable here.

The definition of delivery applicable in this case is not the one found in section 481.002(8), and relied upon by the *Ferguson* court, which defines delivery as an actual or constructive transfer. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(8). The definition of delivery in section 481.002(8) is applicable to offenses under the Texas Controlled Substances Act. *See id.* §§ 481.001–354. Jarreau was not charged under the Texas Controlled Substances Act; rather, he was charged with delivery or offer to deliver a dangerous drug under the Texas Dangerous Drug Act. *See id.* §§ 483.001–.107. The Texas Dangerous Drug Act defines delivery as selling, dispensing, giving away, or supplying a dangerous drug. *Id.* § 483.001(3)). The definition of delivery relevant to the offense for which Jarreau was indicted does not include the terms "actual transfer" or "constructive transfer." *See id.*; *see also id.* § 483.042(a). Accordingly, we hold that because the definition of delivery applicable in this case does not include an actual or constructive transfer, the State was not required to allege whether the delivery it intended to prove was by actual or constructive transfer. We therefore hold the trial court erred in granting the motion to quash based on the indictment's failure to allege whether the delivery was by actual or constructive transfer.

*b. Manner and Means of Delivery or Offer to Deliver*

The trial court also granted the motion to quash because the indictment failed to allege the manner and means of the delivery or offer to deliver. The State seemingly concedes that because the term "deliver" provides alternate manner or means of committing the delivery, it was required to amend the indictment to allege the manner and means of delivery upon which it would rely upon a proper motion to quash. Moreover, in *Jarreau*, the court of criminal appeals specifically noted, with regard to the second part of its *Barbernell* analysis, the term "deliver" has four statutory definitions: "sell, dispense, give away, or supply." *Jarreau*, 512 S.W.3d at 355 (quoting TEX. HEALTH & SAFETY CODE ANN. § 483.001(3)). Thus, the court held "the State was required to specify which of the statutorily-defined methods of delivery it would seek to prove." *Id.* Therefore, based on the court's decision in *Jarreau*, we hold the trial court did not err in granting Jarreau's motion to quash on the ground that the State failed to sufficiently allege the element of delivery. *See id.* However, the State filed a motion to amend the indictment and its proposed amendment sought to cure this deficiency. The trial court denied the motion to amend, and the State contends this was error. We address the amendment issue below.

### Motion to Amend Indictment

In its second appellate complaint, the State contends the trial court erred in denying its motion to amend the indictment. The State argues it was entitled to amend the indictment because the proposed amendment charged neither a different nor an additional offense, nor did the proposed amendment prejudice Jarreau's substantial rights. Jarreau contends the State has no right to appellate review of this issue because it is not authorized by statute. We begin by addressing Jarreau's contention that this court lacks jurisdiction to address this issue.

*Jurisdiction — State's Right to Appeal Denial of Motion to Amend*

Article 44.01 of the Texas Code of Criminal Procedure sets out those circumstances under which the State may appeal in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)–(c). Specifically, the State may appeal a trial court order that: (1) dismisses an indictment, information, or complaint — or any portion of these; (2) arrests or modifies a judgment; (3) grants a new trial; (4) sustains a claim of double jeopardy; (5) grants a motion to suppress; or (6) is issued under Chapter 64, which deals with motions for DNA testing. *Id.* art. 44.01(a). The State may also appeal on the ground that the sentence imposed is illegal or a ruling on a question of law if the defendant is convicted and appeals the judgment. *Id.* art. 44.01(a), (b). Jarreau argues that because a State's appeal of a trial court's denial of a motion to amend an indictment is not authorized by article 44.01, we lack jurisdiction to consider the State's complaint that the trial court erred in denying its motion to amend.

In *State v. Moreno*, the Texas Court of Criminal Appeals held that article 44.01(a)(1) entitles the State to appeal any order, short of an acquittal, which has the effect of terminating the prosecution in favor of the defendant, regardless of how the order is labeled or characterized. 807 S.W.2d 327, 332 (Tex. Crim. App. 1991); *see State v. Young*, 810 S.W.2d 221, 224 (Tex. Crim. App. 1991) (holding that article 44.01 must be liberally construed to achieve its purpose; legislative intent was to allow for State to appeal from any trial court order terminating criminal proceedings against defendant). The court held that, for purposes of article 44.01(a)(1), a trial court order effectively terminates the prosecution when the effect of the order is to "force[] any alteration of the indictment … and the State is not willing to comply…." *Moreno*, 807 S.W.2d at 334. Thus, pursuant to *Moreno*, the State may appeal any order that effectively terminates the prosecution in favor of the defendant, and it is not required to request an amendment or otherwise attempt to cure any complaint regarding the indictment before it may appeal. *See id.*

The court of criminal appeals and the appellate courts have continued to follow *Moreno*, holding the State has authority to appeal from any trial court order concerning an indictment or information — and the court of appeals has jurisdiction to address the merits of such complaint — whenever the order effectively terminates the prosecution in favor of the defendant. *See, e.g.*, *State v. Richardson*, 383 S.W.3d 544, 547 (Tex. Crim. App. 2012); *State v. Stanley*, 201 S.W.3d 754, 758 (Tex. Crim. App. 2006); *State v. Rosseau*, 398 S.W.3d 769, 774–75 (Tex. App.—San Antonio 2011), *aff'd*, 396 S.W.3d 550 (Tex. Crim. App. 2013); *State v. Fisher*, 212 S.W.3d 378, 380 (Tex. App.—Austin 2006, pet. ref'd).

Here, the trial court granted Jarreau's motion to quash, at least in part on the ground that the State had failed to provide sufficient notice of the manner and means of delivery or offer to deliver it intended to rely upon at trial. Under *Moreno* and its progeny, the State is entitled to appeal this order. *See Moreno*, 807 S.W.2d at 332; *see also Richardson*, 383 S.W.3d at 547; *Stanley*, 201 S.W.3d at 758; *Rosseau*, 398 S.W.3d at 774–75; *Fisher*, 212 S.W.3d at 380. Jarreau seems to contend that although the State has a right to appeal the order granting the motion to quash, it may not appeal the attendant motion to amend, which sought to cure the error. Based on *Moreno* and its progeny, we disagree.

By granting the motion to quash based on inadequate notice of the element of delivery or offer to deliver, which was proper, and then refusing the State's attempt to correct the error by way of amendment, the trial court effectively terminated the prosecution in favor of Jarreau. *See Moreno*, 807 S.W.2d at 332. The denial of the State's motion to amend was an integral part of this effective termination. Accordingly, we hold the State has the right under article 44.01(a)(1) to

appeal not only the trial court's order granting Jarreau's motion to quash, but the attendant order denying its motion to amend.[3]  We now address the merits of the State's complaint.

*Standard of Review*

As always, before we begin our analysis, we must determine the applicable standard of review.  *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (en banc).  The amount of deference an appellate court affords a trial court ruling generally depends on which entity is in a better position to decide the issue.  *Moff*, 154 S.W.3d at 601 (citing *Guzman*, 955 S.W.2d at 89); *State v. Stukes*, 490 S.W.3d 571, 574 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Sample v. State*, 405 S.W.3d 295, 301 (Tex. App.—Fort Worth 2013, pet. ref'd).  If the issue involves determinations of credibility — making evaluations of a witness's demeanor crucial — then the trial court is in a better position, and we should defer to the trial court absent an abuse of discretion. *Stukes*, 490 S.W.3d at 574 (quoting *Guzman*, 955 S.W.2d at 87).  However, if the issue does not involve determinations of credibility, but only proper application of the law, the trial court is not in an appreciably better position than the appellate court with regard to the determination, so review should be de novo.  *Moff*, 154 S.W.3d at 601; *Stukes*, 490 S.W.3d at 574.

Whether the trial court erred in denying the State's motion to amend the indictment did not turn on an evaluation of the credibility or demeanor of a witness.  Rather, its decision was based on a review of the indictment and the State's motion to amend, and whether under applicable law, the motion should be granted or denied.  Accordingly, the trial court was in no better position than

---

[3] In an unpublished decision, the El Paso Court of Appeals held it had jurisdiction to review a State's appeal from a trial court order denying the State's motion to amend an information. *See State v. Loera*, No. 08-11-00338-CR, 2013 WL 5657964, at *1 (Tex. App.—El Paso Oct. 16, 2013, no pet.) (op., not designated for publication).  Relying on *Moreno* and its interpretation of article 44.01(a)(1), the court held the trial court's denial of the State's motion to amend the indictment — forcing the State to either go to trial on an information containing erroneous information, or dismiss the prosecution and file a new information — effectively terminated the prosecution, and therefore, the State had a right to appeal.  *Id.*

the appellate court to decide the matter, and therefore, we review the matter de novo.[4] *See Moff*, 154 S.W.3d at 601; *Stukes*, 490 S.W.3d at 574.

<u>*Application*</u>

When Jarreau filed his motions to quash, both motions alleged the indictment was deficient for, among other things, failing to allege the manner and means of delivery or offer to deliver. With regard to this complaint, the State filed a motion to amend the indictment. In its motion, the State sought to define deliver or offer to deliver in accordance with section 483.001(3), by stating that Jarreau "intentionally or knowingly deliver[ed] or offer[ed] to deliver, *by selling, dispensing, giving away, or supplying* … a dangerous drug, specifically 25B-NBOMe." *See* TEX. HEALTH & SAFETY CODE ANN. § 483.001(3). Because deliver or offer to deliver is a statutorily-defined manner or means, "the State was required to specify which of the statutorily-defined methods of delivery it would seek to prove." *Jarreau*, 512 S.W.3d at 355. Nevertheless, the trial court denied the State's motion to amend. It appears from the colloquy between the trial court and the parties that the trial court denied the motion to amend because it did not believe the amendment would cure all of the problems Jarreau argued existed with regard to the indictment. We hold the State's proposed amendment would have, however, cured the failure to sufficiently allege manner and means with regard to delivery and offer to deliver, which is the only deficiency in the indictment given the decision by the Texas Court of Criminal Appeals and our foregoing analysis.

Article 28.10 of the Texas Code of Criminal Procedure provides that after notice to the defendant, the State may amend an indictment with regard to form or substance any time before the date on which trial commences. TEX. CODE CRIM. PROC. ANN. art. 28.10(a). The only restriction on the State's pretrial right to amend is set out in article 28.10(c) — the indictment may

---

[4] *See also Loera*, 2013 WL 5657964, at *2 (reviewing de novo trial court's order denying State's motion to amend indictment).

not be amended over a defendant's objection as to form or substance if the amended indictment "charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." *Id.* art. 28.10(c). A "different offense" in the context of article 28.10(c) means a different statutory offense. *Lebo v. State*, 100 S.W.3d 417, 421 (Tex. App.—San Antonio 2002, pet. ref'd) (citing *Flowers v. State*, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991) (en banc)).

As stated above, by way of its amendment, the State merely sought to define deliver or offer to deliver in accordance with section 483.001(3), which it was required to do. *See Jarreau*, 512 S.W.3d at 355. The amendment proposed by the State and rejected by the trial court did not charge a different or additional offense, but merely specified the manner and means of delivery or offer to deliver.

Nor did the proposed amendment prejudice Jarreau's substantial rights. In determining whether a defendant's substantial rights are prejudiced by a proposed amendment to an indictment, the court of criminal appeals states the reviewing court must look to whether the amendment would impair the defendant's ability to prepare a defense, i.e., defect is such that the defendant is not provided with adequate notice so as to allow him to prepare a defense. *Hillin v. State*, 808 S.W.2d 486, 588 (Tex. Crim. App. 1991); *Flowers*, 815 S.W.2d at 729. Here, Jarreau specifically objected to the indictment on the ground that it failed to provide proper notice of the manner and means of delivery or offer to deliver. The amendment proposed by the State, if permitted by the trial court, would have given Jarreau precisely the notice he requested, notice sufficient to allow him to prepare his defense. Thus, we cannot say that allowing the amendment would have prejudiced Jarreau's substantial rights.

Because the State's motion to amend requested a pretrial amendment that neither charged an additional or different offense nor prejudiced Jarreau's substantial rights, we hold the trial court

erred in denying the State's motion to amend. We therefore sustain the State's second point of error.

### *State's Motion to Dismiss Jarreau's Cross-Appeal for Want of Jurisdiction*

As noted in the background portion of this opinion, after the State filed its notice of appeal, Jarreau filed a cross-notice of appeal. In his cross-appeal, Jarreau seeks to affirm the trial court's order granting the motion to quash on alternate grounds, i.e., grounds upon which the trial court denied the motion, either expressly or by implication. The State filed a motion to strike Jarreau's cross-appellant's brief and the points therein — which we interpreted as a motion to dismiss for want of jurisdiction. Jarreau filed a response. After reviewing the motion and the response, we ordered the motion and response carried with the appeal. Ultimately, given our original decision in favor of Jarreau, we determined it was unnecessary to address the State's motion.

On remand, the State filed a motion reurging its prior motion to dismiss for want of jurisdiction. As on original submission, we ordered the motion taken with the case. After reviewing the motions and the response, we agree with the State that we lack jurisdiction over the cross-appeal.

Neither the United States Constitution nor the Texas Constitution mandate a right of appeal in a criminal case. *See Phynes v. State*, 828 S.W.2d 1, 2, (Tex. Crim. App. 1992). The right to appeal in a criminal case in Texas is conferred by statute. A defendant's right to appeal is governed by article 44.02 of the code of criminal procedure; a State's right of appeal is conferred by article 44.01. *See* TEX. CODE CRIM. PROC. ANN. arts. 44.01, 44.02. Article 44.02 provides a defendant in a criminal case with the right to appeal a final judgment of conviction. *Rabbani v. State*, 494 S.W.3d 778, 780 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 44.02) (stating that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed...."); TEX. R. APP. P. 25.2(a)(2) (stating that "[a] defendant

in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" and that "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or *other* appealable order.") (emphasis added)). Thus, the courts of appeals do not have jurisdiction to review interlocutory orders in criminal cases unless that jurisdiction has been expressly granted by law. *Ragston*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

Numerous appellate courts, including this court, have held that when the State prosecutes an appeal pursuant to article 44.01 of the Texas Code of Criminal Procedure, the defendant has no right to an interlocutory cross-appeal. *See, e.g., State v. Evans*, 486 S.W.3d 636, 638 n.1 (Tex. App.—San Antonio 2016, pet. ref'd) (citing *Garcia v. State*, 823 S.W.2d 793, 799 (Tex. App.— San Antonio 1992, pet. ref'd)); *State v. Wilkins*, 05-12-00154-CV, 2014 WL 465820, at *7 (Tex. App.—Dallas Feb. 4, 2014, pet. ref'd) (op., not designated for publication); *State v. Johnson*, 843 S.W.2d 252, 254 (Tex. App.—Texarkana 1992), *aff'd on other grounds*, 871 S.W.2d 744 (Tex. Crim. App. 1993); *Kost v. State*, 785 S.W.2d 946, 940 (Tex. App.—San Antonio 1990, pet. ref'd). However, Jarreau contends the holdings in these cases have been abrogated by *Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012). We hold *Pfeiffer* is distinguishable, and by relying on *Pfeiffer*, Jarreau has conflated the concepts of invoking jurisdiction, which is done by filing a notice of appeal pursuant to the Texas Rules of Appellate Procedure, and conferring jurisdiction, which is done by statute. *Compare Pfeiffer*, 363 S.W.3d at 599, *with Ragston*, 424 S.W.3d at 52.

In *Pfeiffer*, the trial court denied the defendant's motion to suppress. 363 S.W.3d at 596. Thereafter, the defendant pled guilty pursuant to a plea agreement and appealed the trial court's suppression ruling. *Id.* The court of appeals reversed the ruling on the motion to suppress. *Id.* It also declined to address the State's cross-appeal pursuant to article 44.01(c) because the State failed to file its own notice of appeal. *Id.* at 596–97. On review, the court of criminal appeals held

the State was not required to file its own notice of appeal because when the defendant filed a notice of appeal, the court of appeals' jurisdiction was properly invoked, imbuing the court with a broad scope of review, limited only by its own discretion or a restrictive statute. *Id.* at 599. Jarreau relies on this broad language regarding the invocation of jurisdiction and scope of review to argue that by filing his own notice of appeal, this court has jurisdiction to review the complaints raised in his cross-appeal.

However, it is clear from the court's analysis in *Pfeiffer*, that it was making a distinction between invoking appellate jurisdiction by the filing of a notice of appeal, and a statutory conferral of jurisdiction. *See id.* at 599–604. The court's analysis focused on the fact that the State had been granted a statutory right of appeal pursuant to article 44.01(c), which permits the State to appeal a ruling on a question of law if the defendant has been convicted and appeals the judgment. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 44.01(c); TEX. R. APP. P. 25.2). The court reasoned that because the State had a statutory right to appeal under the circumstances presented in *Pfeiffer*, and the defendant filed a notice of appeal invoking the appellate court's jurisdiction, the State was not required to file its own notice of appeal to raise a cross complaint authorized by statute. *Id.*

In this case, unlike *Pfeiffer*, there is no statutory provision that confers jurisdiction on this court with regard to Jarreau's cross-appeal. Thus, although the State *invoked* our jurisdiction when it filed its notice of appeal, this did not *confer* jurisdiction on this court with regard to Jarreau's cross-appeal. We find the court's more recent decision in *Ragston* instructive. In *Ragston*, the defendant filed a notice of appeal from a trial court's interlocutory, pretrial order denying his request for a bond reduction. 424 S.W.3d at 50. The State filed a motion to dismiss for want of jurisdiction, which was granted by the court of appeals. *Id.* at 50–51. On petition for discretionary review, the court of criminal appeals affirmed the dismissal. *Id.* at 52. In reaching its decision, the court specifically stated that "[j]urisdiction must be expressly given to the courts of appeals in

a statute." *Id.* Moreover, the standard is not whether an appeal is precluded by law — as Jarreau argues here — but whether the appeal is specifically authorized by law. *See id.* The court held this extends to interlocutory appeals, and appellate courts do not have jurisdiction to review interlocutory orders unless such jurisdiction has been expressly granted by law. *Id.* The court rejected the defendant's contention that jurisdiction had been conferred by Rule 31 of the Texas Rules of Appellate Procedure, which governs procedures for appeals from a judgment or order in a habeas or bail proceeding, holding that a rule of appellate procedure cannot — by itself — confer jurisdiction to hear such appeals. *See id.*; *see also* TEX. R. APP. P. 31. The court explained that the rules of appellate procedure cannot enlarge the rights of litigants beyond those provided for by constitutions or statutes. *Ragston*, 424 S.W.3d at 52. Thus, because there was no constitutional or statutory authority granting appellate jurisdiction to hear interlocutory appeals regarding the denial of bail or excessive bail, the court of appeals lacked jurisdiction over the appeal. *Id.*

In this case, Jarreau has not cited, nor have we found, any statutory or constitutional authority that would confer on this court jurisdiction over his cross-appeal and the points raised therein. *See id.* Article 44.02 permits a defendant to appeal from a final conviction, and Rule 25.2 does not confer jurisdiction on this court. *Rabbani*, 494 S.W.3d at 780. The only right to an appeal under the circumstances in this case was statutorily granted to the State. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a). As for cross-appeals in criminal cases, only the State is entitled to prosecute a cross-appeal on a question of law when the defendant has been convicted and appeals. *Id.* art. 44.01(c); *see Pfeiffer*, 363 S.W.3d at 599–604; *see also Wilkins*, 2014 WL 465820, at \*7 (holding that "the sole entitlement to raise a cross-point in criminal appeals is found in the provision allowing the State to raise a cross-point on a question of law when the defendant is convicted and appeals."). Our jurisdiction with regard to cross-appeals is limited to the circumstances set out in article 44.01(c), as no other jurisdictional authority has been conferred by

constitution or statute. Thus, we hold, our prior decisions in *Evans*, *Garcia*, and *Kost* have not been abrogated by *Pfeiffer*, as suggested by Jarreau, but have in fact been confirmed by the court's decision in *Ragston*. *Compare Pfeiffer*, 363 S.W.3d at 599, *with Ragston*, 424 S.W.3d at 52. Accordingly, we reaffirm our prior holding that when the State prosecutes an appeal pursuant to article 44.01 of the Texas Code of Criminal Procedure, the defendant has no right to an interlocutory cross-appeal. *See Evans*, 486 S.W.3d at 638 n.1 (citing *Garcia*, 823 S.W.2d at 799); *Kost*, 785 S.W.2d at 940. Accordingly, we grant the State's motion and dismiss Jarreau's cross-appeal for want of jurisdiction.

CONCLUSION

Based on our analysis, we hold the trial court erred in granting the motion to quash on the grounds that the indictment failed to allege why 25B-NBOMe is a dangerous drug and for failing to state whether the delivery in question was by actual or constructive transfer. But, the trial court did not err in granting the motion to quash on the ground that the State failed to provide sufficient notice of the manner and means of delivery or offer to deliver. However, with regard to manner and means, we further hold the trial court erred in denying the State's motion to amend the indictment to provide sufficient notice of the manner and means of delivery or offer to deliver. Accordingly, we reverse this matter and remand to the trial court for further proceedings with regard to the indictment. Finally, we grant the State's motion to dismiss Jarreau's cross-appeal for want of jurisdiction and order the cross-appeal dismissed.

Marialyn Barnard, Justice

Publish