**Opinion issued August 4, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00480-CR

_____

**VICTOR ANTHONY CHARLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Case No. 1258695

## MEMORANDUM OPINION

Appellant Victor Anthony Charles was convicted on January 24, 2011, for the felony offense of unlawful possession of a firearm by a felon. On January 25, 2011, he was sentenced to thirty-five years' imprisonment. This Court affirmed the trial

court's judgment of conviction in 2013. *See Charles v. State*, No. 01-11-00084-CR, 2013 WL 5604714 (Tex. App.—Houston [1st Dist.] Oct. 10, 2013, pet. ref'd) (per curiam) (mem. op. on reh'g, not designated for publication).

On June 10, 2021, Charles filed a motion for new trial. He argued that he received an affidavit from a witness in his 2011 trial recanting her trial testimony, which in turn falsified other witnesses' trial testimony that relied upon the recanting witness's testimony. Based on this new evidence, Charles requested that the trial court vacate his ten-year-old sentence and order a new trial. The trial court did not rule on the motion for new trial, and it was denied by operation of law. *See* TEX. R. APP. P. 21.8(c) (stating that motion for new trial not timely ruled on will be deemed denied 75 days after sentencing). On August 27, 2021, Charles filed a notice of appeal. We dismiss the appeal for want of jurisdiction.

Appeals in criminal cases are permitted only when specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."); *Thomas v. State*, 615 S.W.3d 552, 563 (Tex. App.—Houston [1st Dist.] 2020, no pet.); TEX. CODE CRIM. PROC. art. 44.02 (providing criminal defendant with "right of appeal under these rules"); TEX. R. APP. P. 25.2(a)(2) (providing criminal defendant with "right of appeal under Code of

Criminal Procedure article 44.02 and these rules"). Generally, a criminal defendant may appeal only from a final judgment. *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *State v. Jarreau*, 563 S.W.3d 477, 491 (Tex. App.—San Antonio 2018, pet. ref'd); *Rabbani v. State*, 494 S.W.3d 778, 780 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Courts of appeals lack jurisdiction to review interlocutory orders in a criminal appeal unless such jurisdiction has been expressly granted by statute. *Jarreau*, 563 S.W.3d at 491; *Rabbani*, 494 S.W.3d at 780.

Charles's notice of appeal states that he appeals from the 2011 final judgment. "In a criminal case [other than a death-penalty case], appeal is perfected by *timely* filing a sufficient notice of appeal." TEX. R. APP. P. 25.2(b) (emphasis added); *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014) (stating that filing timely notice of appeal invokes court of appeals' appellate jurisdiction). If a notice of appeal is not timely filed, the appellate court lacks jurisdiction to address the merits of the case and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). To be timely, a "notice of appeal must be filed" within thirty days after sentencing or entry of an appealable order. TEX. R. APP. P. 26.2(a)(1). This period is extended to ninety days if the defendant files a timely motion for new trial. TEX. R. APP. P. 26.2(a)(2); *see* TEX. R. APP. P. 21.4(a) (providing that defendant may file motion for new trial "before, but no later than 30 days after," sentencing).

Charles's notice of appeal of the final judgment that he filed in August 2021 is untimely by more than ten years. *See, e.g.*, *Anderson v. State*, 625 S.W.3d 128, 130 (Tex. Crim. App. 2021) (affirming court of appeals judgment dismissing appeal for lack of jurisdiction because defendant filed notice of appeal twenty-six days late); *Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (stating that notice of appeal filed one day late "is enough to deprive the appellate court of jurisdiction to consider appellant's appeal"). Therefore, we conclude that we lack jurisdiction to review the trial court's 2011 final judgment.

Charles's arguments on appeal indicate that he attempts to appeal from the denial of the motion for new trial that he filed in June 2021. No Texas statute authorizes a direct appeal from the denial of a motion for new trial independent of an appeal from an underlying conviction. *Torres v. State*, No. 12-22-00004-CR, 2022 WL 399140, at *1 (Tex. App.—Tyler Feb. 9, 2022, no pet.) (per curiam) (mem. op., not designated for publication) ("An order denying a motion for new trial is not a separately appealable order.") (collecting cases); *Gipson v. State*, No. 01-18-00207-CR, 2018 WL 2305532, at *1 (Tex. App.—Houston [1st Dist.] May 22, 2018, no pet.) (per curiam) (mem. op., not designated for publication). Therefore, we lack jurisdiction to review the denial of Charles's motion for new trial.

The trial court also lacked jurisdiction to entertain Charles's untimely motion for new trial. Texas Rule of Appellate Procedure 21.4 requires a motion for new trial

to be filed no later than thirty days after sentencing. TEX. R. APP. P. 21.4; *State v. Arizmendi*, 519 S.W.3d 143, 150 (Tex. Crim. App. 2017) (stating that "trial court is barred from considering a ground raised [in a motion for new trial] outside the thirty-day period if the State properly objects"); *Perez v. State*, 261 S.W.3d 760, 770 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). This includes motions for new trial based on newly discovered evidence. *Perez*, 261 S.W.3d at 770. If a motion for new trial is not timely filed, trial courts lack jurisdiction to rule on the motion. *Id.* at 770–71. Because Charles filed his motion for new trial more than thirty days after sentencing, the motion was untimely and the trial court lacked jurisdiction to consider it. *See, e.g.*, *Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989) (holding that trial court lacked jurisdiction to decide untimely motion for new trial based on newly discovered evidence filed more than one year after sentencing); *Perez*, 261 S.W.3d at 771 (concluding that motion for new trial based on newly discovered evidence filed 314 days after sentencing was untimely and trial court lacked jurisdiction to consider it); *Licon v. State*, 99 S.W.3d 918, 926 (Tex. App.—El Paso 2003, no pet.) ("The fact that the [motion for] new trial is based on newly discovered evidence has no impact on the appellate timetable.").

In sum, this Court lacks appellate jurisdiction because Charles's notice of appeal is untimely, and the denial of a motion for new trial is not independently reviewable from the underlying judgment of conviction. Moreover, the trial court

5

lacked jurisdiction to consider Charles's untimely motion for new trial. Accordingly, we **grant** the State's motion to dismiss and dismiss this appeal for want of jurisdiction.[1] *See* TEX. R. APP. P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Countiss and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] As the State points out in its motion, Charles is not without a remedy. When newly discovered evidence comes to light after the time for filing a motion for new trial has expired, the issue may be raised in a writ of habeas corpus. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996); TEX. CODE CRIM. PROC. art. 11.07.