**Benjamin RABBANI, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–15–00862–CR, NO. 14–15–00863–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 15, 2016

Rehearing and Rehearing En Banc Overruled April 28, 2016

Discretionary Review Refused July 27, 2016

Kristen Jernigan, Richmond, TX, for Appellant.

Gail Kikawa McConnell, Richmond, TX, for State.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

### OPINION

PER CURIAM

Appellant seeks to appeal from the trial court's interlocutory orders denying his motions to withdraw guilty pleas in two cases. The trial court signed the orders after placing appellant on deferred-adjudication community supervision following appellant's guilty pleas to two charges of aggravated assault with a deadly weapon. Concluding that we lack appellate jurisdic-

---

1. His son, who testified at the hearing, filed pleadings on behalf of the appellant and was listed as co-counsel.

tion over the two interlocutory orders, we dismiss each appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In two cases appellant Benjamin Rabbani was charged by indictment with aggravated assault with a deadly weapon. In each case, pursuant to a plea-bargain agreement with the State, the trial court signed an order on June 4, 2015, deferring adjudication of guilt and placing appellant on four years' deferred-adjudication community supervision. Twenty-eight days later, on July 2, 2015, appellant filed a motion to withdraw his guilty pleas in both cases. Appellant later filed amended motions to withdraw his guilty pleas. The record does not reflect that appellant applied for habeas-corpus relief. Following an evidentiary hearing on appellant's motions, the trial court signed orders on October 5, 2015, denying appellant's amended motions to withdraw his guilty pleas. In each case, appellant filed notices of appeal from the trial court's October 5, 2015 order. The State has filed motions in each appeal seeking dismissal for lack of appellate jurisdiction.

## II. JURISDICTIONAL ANALYSIS

At the threshold, we note what is not involved in these appeals. The record before this court does not indicate that appellant's community supervision has been revoked or that his guilt has been adjudicated, and appellant is not seeking to appeal from any final judgment of conviction. Appellant does not purport to appeal from the trial court's June 4, 2015 orders deferring adjudication.[1] Nor does this case involve an appeal from the trial court's denial of an application for pre-conviction habeas-corpus relief regarding allegedly involuntary guilty pleas. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (West, Westlaw through 2015 R.S.); *Arreola v. State,* 207 S.W.3d 387, 390–94 (Tex.App.—Houston [1st Dist.] 2006, no pet.) (reviewing denial of habeas corpus relief alleging that guilty plea was involuntary). In this context, we must determine whether this court has jurisdiction over these appeals from interlocutory orders denying appellant's motions to withdraw guilty pleas.

The standard for determining appellate jurisdiction in a criminal case is not whether the appeal is precluded by law, but

---

1. In his notices of appeal, appellant states that he is appealing the October 5, 2015 orders denying his motions to withdraw guilty plea. In any event, even if we were to treat these cases as appeals from the June 4, 2015 deferred-adjudication orders, we would lack appellate jurisdiction over any such appeals because appellant did not file any notice of appeal within thirty days after June 4, 2015, the date on which the deferred-adjudication orders were entered. A defendant has the right to appeal from an order deferring adjudication of guilt and placing the defendant on community supervision. *See Hargesheimer v. State,* 182 S.W.3d 906, 909 (Tex.Crim.App. 2006). Though such an order does not involve the imposition or suspension of sentence, it is an appealable order. *See Donovan v. State,* 68 S.W.3d 633, 636 (Tex.Crim.App. 2002). Because there is no finding or verdict of guilt in an order deferring adjudication, a motion for new trial is impermissible when a defendant is placed on deferred adjudication. *Id.* Thus, a defendant who wishes to appeal from an order deferring adjudication must file a notice of appeal within thirty days after the day the trial court enters the order deferring adjudication. *See* Tex. R. App. P. 26.2(a) (stating that the defendant must file the notice of appeal "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an **appealable order** or ... within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial") (emphasis added); *Garcia v. State,* 29 S.W.3d 899, 900–01 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (per curiam).

whether the appeal is authorized by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim.App.2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex.Crim.App.2008). Article 44.02 of the Texas Code of Criminal Procedure provides a defendant in a criminal case with the right to appeal a final judgment of conviction. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West, Westlaw through 2015 R.S.) (stating that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed...."); Tex. R. App. P. 25.2(a)(2) (stating that "[a] defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" and that "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or *other* appealable order") (emphasis added); *Abbott*, 271 S.W.3d at 697 n. 8. The courts of appeals do not have jurisdiction to review interlocutory orders in criminal cases unless that jurisdiction has been expressly granted by law. *Ragston*, 424 S.W.3d at 52.

Appellant has not cited and research has not revealed any rule, statute, or constitutional provision that would authorize an appeal by a criminal defendant from a trial court's interlocutory order denying the defendant's motion to withdraw a guilty plea. We conclude that such an appeal is not authorized by law.[2] *See Ragston*, 424 S.W.3d at 51–52 (holding that courts of appeals do not have appellate jurisdiction over appeals from interlocutory orders regarding excessive bail or the denial of

bail); *Abbott*, 271 S.W.3d at 696–97 (holding that courts of appeals do not have appellate jurisdiction over appeals from post-judgment orders denying a defendant's time-credit motion).

In *Ulloa v. State*, the appellant pleaded "no contest" to a felony offense and was placed on deferred-adjudication community supervision. *See* 370 S.W.3d 766, 767–68 (Tex.App.—Houston [14th Dist.] 2011, pet. ref'd). The trial court denied the appellant's motion to withdraw his guilty plea, denied appellant's application for habeas corpus relief, adjudicated appellant's guilt, and rendered a final judgment of conviction. *See id.* In his notice of appeal, the appellant in *Ulloa* may have appealed from the trial court's final judgment of conviction rather than from the order denying the motion to withdraw guilty plea. *See id.* at 767–69. In any event, the *Ulloa* court did not cite any rule, statute, or constitutional provision authorizing an appeal by a criminal defendant from a trial court's interlocutory order denying the defendant's motion to withdraw a guilty plea, nor did the *Ulloa* court state that such an appeal is authorized by law. *See id.* To the extent any language in the *Ulloa* opinion suggests that a criminal defendant may appeal from a trial court's interlocutory order denying the defendant's motion to withdraw a guilty plea, we conclude that any such language conflicts with binding precedent from the Court of Criminal Appeals and does not control the resolution of the issue before us today. *See Ragston*,

---

**2.** In making this determination as to the ability of a defendant in a criminal case to appeal from a trial court's interlocutory order denying the defendant's motion to withdraw a guilty plea, we need not and do not address the extent to which a defendant may assert appellate complaints regarding the trial court's prior denial of such a motion in an appeal from an order deferring adjudication

or in an appeal from a final judgment of conviction. Nor do we address the extent to which a defendant in a criminal case may obtain appellate review of complaints regarding an allegedly involuntary guilty plea by appealing the trial court's denial of the defendant's application for pre-conviction habeas-corpus relief.

424 S.W.3d at 51–52; *Abbott,* 271 S.W.3d at 696–97.

In response to the State's motions to dismiss the appeals for lack of appellate jurisdiction, appellant argues that under the authority of *State v. Ellis,* 976 S.W.2d 789, 792 (Tex.App.—Houston [1st Dist.] 1998, no pet.) and *Labib v. State,* 239 S.W.3d 322, 331 (Tex.App.—Houston [1st Dist.] 2007, no pet.), this court has jurisdiction to review the denial of appellant's motions to withdraw guilty plea. The cases appellant cites are distinguishable.

In *State v. Ellis,* the State timely appealed the trial court's grant of a new trial. 976 S.W.2d 789, 790 (Tex.App.—Houston [1st Dist.] 1998, no pet.). The grant of a new trial is an order from which the State may appeal under article 44.01(a)(3) of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 44.01(a) (West, Westlaw through 2015 R.S.). In *Labib v. State,* our sister court of appeals reviewed the trial court's denial of a defendant's motion to withdraw his guilty plea in the context of a timely filed appeal from the trial court's order deferring adjudication of guilt.[3] *See* 239 S.W.3d 322, 324, 330–36 (Tex.App.—Houston [1st Dist.] 2007, no pet.) (stating that the case was an appeal from an order deferring adjudication of guilt and then concluding that the trial court did not err in denying appellant's motion to withdraw guilty plea).

### III. CONCLUSION

The law does not authorize an appeal from the trial court's interlocutory orders denying appellant's motions to withdraw his guilty pleas. Because we lack appellate jurisdiction over the two orders from which appellant seeks to appeal, we grant the State's motions to dismiss, and dismiss

each appeal for lack of appellate jurisdiction.

---

**3.** In *Labib,* the defendant timely filed a notice of appeal within thirty days of the deferred-adjudication order. *See Labib,* 239 S.W.3d at 324, 325–27, 328.