**Dismiss and Opinion Filed September 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00722-CR

**KEPHREN THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 8**
**Dallas County, Texas**
**Trial Court Cause No. MA20-20487-J**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Evans
Opinion by Justice Myers

Kephren Thomas is attempting to appeal the trial court's "failing to reduce appellant's bail" and "placing bond conditions on appellant that were not justified."

Generally, this Court has jurisdiction to consider appeals by criminal defendants only after a judgment of conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (appellate courts may consider appeals by criminal defendants only after conviction or entry of appealable order); *Rabbani v. State*, 494 S.W.3d 778, 780 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). We do not have jurisdiction to hear interlocutory appeals from pretrial orders regarding

the denial of bond sought by motion. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

Appellant has been charged with assault causing bodily injury. The clerk's record, filed on August 14, 2020, does not contain a written order signed by the trial court denying bond or imposing any restrictions. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal must be filed after trial court enters appealable order); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) (docket sheet does not constitute a written order). But even assuming such an order existed, we lack jurisdiction to review interlocutory orders holding a defendant's bond insufficient or denying him bail. *See Ragston*, 424 S.W.3d at 52 (holding courts of appeals lack jurisdiction to review interlocutory orders regarding excessive bail or the denial of bail); *see also Lenard v. State*, No. 05-14-00767-CR, 2014 WL 4536538, at *1 (Tex. App.—Dallas Sept. 12, 2014, no pet.) (mem. op., not designated for publication) (holding court lacked jurisdiction over interlocutory order holding defendant's bond insufficient and raising bond).

We dismiss this appeal for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200722F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEPHREN THOMAS, Appellant

No. 05-20-00722-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 8, Dallas County, Texas Trial Court Cause No. MA20-20487-J.

Opinion delivered by Justice Myers. Justices Nowell and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 28th day of September, 2020.