**DISMISS and Opinion Filed September 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00782-CR
### No. 05-20-00783-CR

**DENNIS EDUARDO ALMENDAREZAVILA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-75808-H & F18-71467-W**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Whitehill

Dennis Eduardo Almendarezavila is charged with murder and aggravated assault with a deadly weapon. He filed a pro se notice of appeal seeking to challenge the trial court's ruling on his motion for bond reduction.

Generally, this Court has jurisdiction to consider appeals by criminal defendants only after a judgment of conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (appellate courts may consider appeals by criminal defendants only after conviction or entry of appealable order); *Rabbani v. State*, 494 S.W.3d 778, 780 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). We

do not have jurisdiction to hear interlocutory appeals from pretrial orders regarding the denial or reduction of bond sought by motion. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (courts of appeals lack jurisdiction to review interlocutory orders regarding excessive bail or the denial of bail); *see also Lenard v. State*, No. 05-14-00767-CR, 2014 WL 4536538, at *1 (Tex. App.—Dallas Sept. 12, 2014, no pet.) (mem. op., not designated for publication) (holding court lacked jurisdiction over interlocutory order holding defendant's bond insufficient and raising bond).

The reporter's record shows the trial court held a bond review hearing on July 10, 2020. At the conclusion of the hearing, the trial court reduced appellant's bond from $350,000 to $250,000 in the capital murder case and from $250,000 to $50,000 in the aggravated assault case. We lack jurisdiction to review interlocutory orders under these circumstances. *See Ragston*, 424 S.W.3d at 52; *Lenard*, 2014 WL 4536538, at *1.

Furthermore, we decline to construe appellant's appeals as being from a pretrial application for writ of habeas corpus. The motion for bond reduction was not treated as such by the parties or the trial court. "[A]pellant did not utilize the proper procedure to bring him within appellate review at this point in the proceeding." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). (holding court of appeals erred by construing special plea as application for writ of

habeas corpus in order to exercise jurisdiction over what would otherwise be an unappealable interlocutory order).

We dismiss these appeals for want of jurisdiction.


/Bill Whitehill/
BILL WHITEHILL
Do Not Publish                    JUSTICE
Tex. R. App. P. 47.2(b)
200782F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DENNIS EDUARDO
ALMENDAREZAVILA, Appellant

No. 05-20-00782-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F19-75808-H.
Opinion delivered by Justice
Whitehill. Justices Pedersen, III and
Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered September 28, 2020



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DENNIS EDUARDO ALMENDAREZAVILA, Appellant

No. 05-20-00783-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F18-71467-H.
Opinion delivered by Justice Whitehill. Justices Pedersen, III and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered September 28, 2020