

# NUMBER 13-22-00486-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DANIEL SOLIS,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

---

### On appeal from the County Court at Law No. 1
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Daniel Solis filed a notice of appeal from trial court cause number 20MC-05536 in County Court at Law No. 1 of Nueces County, Texas; however, the accompanying documentation indicated that he was acquitted of the charges against him. The county clerk has subsequently furnished this Court with an order directing a verdict of "not guilty" in appellant's favor. On October 17, 2022, the Clerk of this Court notified

appellant that it appeared that there was no final, appealable order. We requested appellant to correct this defect, if possible, and notified appellant that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1. On November 10, 2022, appellant's counsel filed a motion to withdraw the appeal; however, the motion was not signed by appellant, and accordingly, the Court requested appellant to file an amended motion in compliance with Texas Rule of Appellate Procedure 42.2(a). *See id.* R. 42.2(a) (requiring both the appellant and counsel to sign a written motion to dismiss an appeal).

"The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *see Ex parte Evans*, 611 S.W.3d 86, 87 (Tex. App.—Waco 2020, no pet.) ("Jurisdiction must be expressly given to the courts of appeals."); TEX. CODE CRIM. PROC. ANN. art. 44.02 (addressing a defendant's right to appeal in a criminal case); TEX. R. APP. P. 25.2(a)(2) (stating that a criminal defendant "has the right of appeal under [Texas] Code of Criminal Procedure article 44.02 and these rules"); *see also Wilson v. State*, 644 S.W.3d 761, 762 (Tex. App.—Austin 2022, no pet.). The appellate courts do not have jurisdiction to review interlocutory orders in criminal cases unless jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Rabbani v. State*, 494 S.W.3d 778, 780 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). We lack jurisdiction to review an acquittal in a criminal case. *See Abbott*, 271 S.W.3d at 696–97; *see also Lemons v. State*, No. 10-21-00136-CR, 2022 WL 1259198, at *1 (Tex. App.—Waco Apr. 27, 2022, no pet.) (mem. op., not designated

2

for publication) ("We have no jurisdiction over an appeal by a defendant from an acquittal."); *Washington v. State*, No. 02-18-00180-CR, 2018 WL 2727834, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication) (dismissing an appeal from a judgment of acquittal for lack of jurisdiction).

The Court, having examined and fully considered the notice of appeal, related documents, and the applicable law, is of the opinion that we lack jurisdiction over the appeal. Accordingly, we dismiss this appeal for lack of jurisdiction. We dismiss appellant's motion to withdraw the appeal and any amended motion to withdraw the appeal that may be filed as moot.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
1st day of December, 2022.