

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00429-CR

———————————————

TRAVIS CARMICHAEL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1837122

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

Appellant Travis Carmichael, proceeding pro se, attempts to appeal the trial court's "Order of Deferred Adjudication" in which the trial court deferred adjudication of Carmichael's guilt for the offense of possession of a controlled substance in the amount of four grams or more but less than 200 grams,[1] *see* Tex. Health & Safety Code Ann. § 481.115(d), and placed him on community supervision for five years. The trial court entered the order on March 18, 2025, making Carmichael's notice of appeal due on or before April 17, 2025. *See* Tex. R. App. P. 26.2(a)(1); *Rabbani v. State*, 494 S.W.3d 778, 779 n.1 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (per curiam) ("[A] defendant who wishes to appeal from an order deferring adjudication must file a notice of appeal within thirty days after the day the trial court enters the order deferring adjudication."); *see also Donovan*, 68 S.W.3d at 636 (noting that a defendant may appeal from an order deferring adjudication of guilt and placing the defendant on community supervision). However, Carmichael did not file his notice of appeal until November 11, 2025, making it untimely. *See* Tex. R. App. P. 26.2(a)(1).

On November 17, 2025, we notified Carmichael by letter that this court is concerned that we lack jurisdiction over this appeal because his notice of appeal was

---

[1]In his notice of appeal, Carmichael incorrectly states that he appeals "from the judgment of conviction entered on March 18, 2025." *See State v. Cuarenta*, 707 S.W.3d 424, 429 (Tex. Crim. App. 2025) (explaining that "in a deferred adjudication, 'there is no conviction'" (quoting *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002))).

untimely. We requested that, on or before December 1, 2025, Carmichael (1) advise whether he properly addressed, stamped, and mailed the notice of appeal by United States Postal Service to the proper trial court clerk on or before April 17, 2025, and (2) provide evidence of proof of mailing. *See* Tex. R. App. P. 1.1, 9.2(b). We warned him that if we determined that the appeal was not timely perfected, this appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f). Carmichael has not complied with our request or otherwise filed a response to our jurisdiction letter.

Because Carmichael's notice of appeal was untimely and because a timely notice of appeal is an essential component of our jurisdiction, we dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 26.2(a)(1), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 22, 2026

---

[2]Even if Carmichael's notice of appeal had been timely, we still would not have jurisdiction over this appeal because, as the trial court's certification of defendant's right of appeal states, this is a plea-bargain case, and he has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).