

# NUMBERS 13-26-00247-CR, 13-26-00248-CR, 13-26-00249-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**USAMA HASSAN,**                                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Peña**

Appellant Usama Hassan filed notices of appeal from trial court cause numbers 2-120814, 2-120815, and 2-120817, in the County Court at Law Number 2 of Victoria County, Texas, and docketed respectively in our appellate cause numbers 13-26-00247-CR, 13-26-00248-CR, and 13-26-00249-CR. In each of these cases, Hassan attempted

to appeal the denial of a motion to suppress. We address these three cases in one memorandum opinion in the interests of judicial economy and efficiency. We dismiss these appeals for lack of jurisdiction.

"The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *see Ex parte Evans*, 611 S.W.3d 86, 87 (Tex. App.—Waco 2020, no pet.) ("Jurisdiction must be expressly given to the courts of appeals."); TEX. CODE CRIM. PROC. art. 44.02 (addressing a defendant's right to appeal in a criminal case); TEX. R. APP. P. 25.2(a)(2) (stating that a criminal defendant "has the right of appeal under [Texas] Code of Criminal Procedure article 44.02 and these rules"); *see also Wilson v. State*, 644 S.W.3d 761, 762 (Tex. App.—Austin 2022, no pet.). The appellate courts do not have jurisdiction to review interlocutory orders in criminal cases unless jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Rabbani v. State*, 494 S.W.3d 778, 780 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The pretrial denial of a motion to suppress is not an appealable pretrial order. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam); *see also Olivas v. State*, No. 14-25-00846-CR, 2025 WL 3280733, at *1 (Tex. App.—Houston [14th Dist.] Nov. 25, 2025, no pet.) (mem. op., not designated for publication); *Johnson v. State*, No. 05-24-00752-CR, 2024 WL 3963855, at *1 (Tex. App.—Dallas Aug. 28, 2024, pet. ref'd) (mem. op., not designated for publication).

On April 1, 2026, the Clerk of the Court notified appellant in each of these cases that it appeared that the orders denying the motions to suppress were not appealable. *See* TEX. R. APP. P. 26.2, 37.1, 42.3(a). The Clerk advised appellant that the appeals

2

would be dismissed if the defects were not corrected within thirty days from receipt of the notices. Appellant did not respond to the Clerk's directives or otherwise correct the defects in the notices of appeal.

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over these appeals. *See McKown*, 915 S.W.2d at 161; *see also Olivas*, 2025 WL 3280733, at *1; *Johnson*, 2024 WL 3963855, at *1. Accordingly, we dismiss these appeals for lack of jurisdiction.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
18th day of June, 2026.

3